## Commonwealth ex rel. Flory *v.* Ashe, Warden.

PER CURIAM, September 19, 1938:

The relator was tried in the Court of Oyer and Terminer of Allegheny County on an indictment (No. 33 Nov. Sess. 1932) charging him with robbery while armed with an offensive weapon, to wit, a revolver, and with felonious assault, beating etc. with intent to rob, under section 100 of the Criminal Code (Act of March 31, 1860, P. L. 382), as amended by the Act of April 18, 1919, P. L. 61, and was found guilty on April 11, 1933. The maximum sentence authorized by the Act of 1919 was separate or solitary confinement at labor for twenty years. He was sentenced, the same day, to imprisonment in the Western Penitentiary for not less than ten years nor more than forty years, to be computed from Oc-

tober 18, 1932. The sentence was illegal. It was not authorized under section 182 of the Criminal Code, for the indictment did not charge a former conviction (*Commonwealth v. Payne,* 242 Pa. 394, 399, 89 A. 559). Nor was it authorized by the Act of April 29, 1929, P. L. 854, for the record produced before us fails to show that the relator had been convicted of any of the offenses recited in section one of that Act before his conviction on the above named indictment, and the Act of 1929 relates to a conviction for a second offense committed within five years *"after having been convicted"* of any crime or attempt to commit a crime mentioned in section one of that Act.

The relator is not entitled to be discharged, but should be remanded to the Court of Oyer and Terminer of Allegheny County to be sentenced according to law: *Commonwealth ex rel. Paige v. Smith,* 130 Pa. Superior Ct. 536, 548, 198 A. 812; *Beale v. Commonwealth,* 25 Pa. 11, 22; *Commonwealth v. Curry,* 285 Pa. 289, 298, 132 A. 370; *Halderman's Case,* 53 Pa. Superior Ct. 554, 557, 558; *Commonwealth ex rel. Snyder v. Francies,* 58 Pa. Superior Ct. 273; *Commonwealth ex rel. Gaffigan v. Francies,* 75 Pa. Superior Ct. 269.

And now, September 17, 1938, it is ordered and adjudged that the relator be remanded, and that the record be remitted to the Court of Oyer and Terminer of Allegheny County, to the end that appropriate process may be issued to bring him into court for re-sentence in accordance with law, taking into consideration the time he has already served.