Com. ex rel. Blattenberger *v.* Ashe, Warden.

510

PER CURIAM, December 20, 1938:

Petition for writ of habeas corpus.

The relator, Harper Blattenberger, was indicted, tried and found guilty of the larceny of $1,241 currency of the United States from the premises of Eva Fetter in West St. Clair Township, Bedford County (Q. S. Bedford County, 33 May Sessions, 1937), and on Sept. 23, 1937 was sentenced to undergo imprisonment in the Western Penitentiary for and during a period of not less than two and one half years and not more than five years, to be computed from May 9, 1937.

The maximum penalty which could legally be imposed for larceny was imprisonment for three years, by separate or solitary confinement at labor. See Act of March 31, 1860, P. L. 382, sec. 103.

The Court of Quarter Sessions of Bedford County in imposing a maximum sentence of five years stated that

it did so pursuant to sections 4 and 182 of the Criminal Code of March 31, 1860, P. L. 382.

It appears that the relator had previously (on Feb. 15, 1935, to No. 21 Feb. Sessions, 1935) been found guilty of assisting two prisoners to escape from the Bedford County jail and had been sentenced for that crime to the Allegheny County Workhouse for a period of two years. He was discharged from the Workhouse on January 14, 1937. Section 4 of the Criminal Code, supra, provides a punishment, for the crime of aiding the escape of prisoners, of imprisonment by separate and solitary confinement at labor, or simple imprisonment, as the court may direct, not exceeding two years. The sentence imposed on Blattenberger was simple imprisonment.

Section 182 of the Criminal Code provides: "If any person who has been convicted of any offence, other than murder of the second degree, for which the punishment prescribed by this code is imprisonment by separate or solitary confinement at labor, shall, after such conviction, be guilty of a similar offence, or of any offence for which such punishment is directed, he shall in either case, upon conviction, be sentenced to undergo an imprisonment, and be kept at labor not exceeding double the whole period of time which may, by the penal laws of this Commonwealth, be prescribed for the crime of which he is convicted."

The court in sentencing the relator was of opinion that as Sec. 4 of the Code authorized—although it did not direct or require—imprisonment by separate or solitary confinement at labor, it was warranted, in imposing sentence for larceny, to sentence relator to a term greater than, but not exceeding double, the whole period of time which might, by the penal laws of this Commonwealth, be prescribed for the crime of larceny. We are of a contrary opinion. The verb used in the third line of the 182d section is *"prescribed"* not "authorized". "Prescribe" is defined "To lay down as a rule or direc-

tion to be followed; to ...... ordain, direct, enjoin. [Oxford Dictionary]; to lay down authoritatively as a guide, direction, or rule of action; to impose as a peremptory order; to dictate; direct; ordain" [Webster's New International Dictionary]. To make Section 182 applicable and justify increasing the sentence for larceny beyond that prescribed in the penal code, the prior conviction must have been for a crime for which the punishment *prescribed* was imprisonment by separate or solitary confinement at labor, not one in which the sentence to imprisonment by separate or solitary confinement at labor—that is, to the penitentiary rather than simple imprisonment—was discretionary with the court, as in the 4th section.

Furthermore, it does not appear from the record that the previous conviction was averred in the indictment for larceny, or that the record of that previous conviction was offered in evidence in support of that averment. See *Com. v. Payne,* 242 Pa. 394, 89 A. 559.

It follows that the sentence was illegal in so far as it exceeded the maximum penalty prescribed for larceny, and should be corrected.

Accordingly, it is ordered that the relator be remanded to the Court of Quarter Sessions of Bedford County to be duly sentenced in accordance with the penal laws of the Commonwealth for a term not exceeding three years to be computed from May 9, 1937.