## Commonwealth v. Ciccarelli

*Andrew T. Park,* district attorney, and *Earle T. Adair,* assistant district attorney, for Commonwealth.
*Herbert B. Lebovitz,* for defendant.

ELLENBOGEN, J., October 10, 1941.—This case came before us on September 30, 1941, when defendant was called up for sentence on a plea of guilty entered by him to an indictment charging him with selling of alcoholic beverages without a license, in violation of the Pennsylvania Liquor Control Act and Beverage License Law of 1937.

It was stated in open court in support of a plea for leniency that this defendant is a cripple, having lost a leg in a railroad accident some 15 years ago, and that he had been unable to secure employment ever since; that he has a sick wife and six children at home, and that he has been on relief for a long time.

The sentence imposed was not a mere fine. It read as follows:

"September 30, 1941, defendant sentenced to pay a fine of $100 to the county, pay costs of prosecution or undergo an imprisonment of 30 days in the Allegheny county jail and stand committed."

That is the only sentence which could legally be imposed upon this defendant. Under the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, and the Beverage License Law of June 16, 1937, P. L. 1827, a straight jail sentence cannot be imposed for a first offense.

At the time of the imposition of the fine, the court was advised that defendant would not be able to pay the fine or costs and that he would have to go to jail. This defendant did not escape with a mere fine, because, being unable to pay the fine, and the court refusing to allow time for its payment, he was immediately committed to jail where he is now undergoing sentence. Since the sentence also provides for the payment of the costs, which in this case amounted to $57.60, in default of paying these costs, defendant will be required to serve 30 additional days so that he will actually have to serve 60 days in the Allegheny County jail.

At the time of the imposition of sentence an agent of the Liquor Control Board indicated to the court that this defendant has a record of prior convictions for the same offense, but the indictment failed to show this. In view of the fact that no reference was made in the indictment to the prior conviction, we were of the opinion that defendant could not be sentenced for a second or subsequent offense, and that sentence could be imposed upon him only as a first offender. We made this ruling from the bench in open court. We also stated to the agents of the Liquor Control Board who were present as well as to the assistant district attorney that in liquor cases as well as in cases of habitual offenders where the statute differentiates between the first and

second offenses, indictments must—and always should—contain a reference to the prior convictions so that the proper sentence may legally be imposed.

We now affirm the ruling made at the time of the imposition of the sentence and file this opinion in connection therewith.

The penalty sections of the Pennsylvania Liquor Control Act and Beverage License Law make a specific distinction between the sentence to be imposed on a first offender and on a second offender. These acts specifically provide that in cases of first offenders a fine only may be imposed by the court and that only if the defendant fails to pay the fine can he be sentenced to jail. Thus the statute makes it obligatory on the court to give a first offender the alternative of paying a fine and only permits the imposition of the jail sentence if the defendant fails to pay the fine.

If the law is as we believe it to be that a jail sentence cannot be imposed on a violator of the liquor laws unless prior offenses are pleaded in the indictment and record, the only sentence that could be imposed upon Ciccarelli was a fine. This was done in this case. We imposed the usual sentence for first offenders of a fine of $100 and costs, and provided that if defendant failed to pay the fine he must serve 30 days in the Allegheny County jail. We allowed him no time for the payment of the fine. This sentence was a proper sentence under the circumstances of this case. Any jail sentence would have been illegal and would have had to be set aside on appeal or on a writ of habeas corpus.

Whenever, by statutory enactment, a second offense must carry a greater penalty than a first offense, the second offense is an offense different in kind and character from the first offense. If it would be the same offense, it could not, under our system of law and under the Bill of Rights of our Constitution, carry a different penalty. The fundamental principles of our system of laws and the Bill of Rights require equal punishment for the same offense. Therefore, when the

legislature provides a different or greater penalty for a second or subsequent offense, it thereby puts the second or subsequent offense in a different classification from the first offense.

The Constitution of this Commonwealth, in article I, sec. 9, specifically provides:

"In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, . . ."

The accused has the right to "demand the nature and cause of the accusation against him". So it has been held from time immemorial that the indictment must state the nature, kind and character of the offense committed; otherwise the indictment will be quashed. It always has been held in England, in this Commonwealth, and in practically every State of the Union that, where the statute provides a greater or different penalty for a second or subsequent offense, that the indictment must plead a conviction of and a sentence for the prior offense in order to permit the greater sentence to be imposed.

If it would be otherwise, very serious questions of constitutional law would arise. Surely, where the statute prescribes a greater sentence for the second offense than for the first, the greater penalty cannot be considered constitutionally or logically as retroactive punishment for the first offense. The first offense is a matter of history. Defendant having been convicted of it and having paid his penalty, the sentence cannot be increased because of any subsequent misconduct of the same defendant. The greater punishment for the second offense is a statutory declaration that the second offense is different in kind and character from the first offense, and that therefore it should carry a greater penalty. Any other construction of a statute prescribing greater punishment for a second offense would in all probability render such a statute unconstitutional.

Since the second offense is different in nature and character from the first offense, the indictment must plead the peculiar characteristics by which this second offense is distinguished from a first offense. The important feature of a second offense is the fact that it is a second or subsequent offense. If the indictment does not so plead, this feature cannot be proven and defendant cannot be sentenced as a second or subsequent offender.

This does not present a new legal question. It has been the law ever since there have been statutes providing different and greater punishment for second and subsequent offenses.

One of the most distinguished chief justices that ever graced the Supreme Court of this Commonwealth, the Honorable von Moschzisker, when he was a trial judge, dealt with this subject with great clarity in a very able opinion in the case of Commonwealth v. Aul, 18 Dist. R. 1040. Examining the legality of a 30-year sentence imposed by him under the Act of May 10, 1909, P. L. 495, which provides a greater penalty for a defendant who had twice before been convicted of crime, Judge von Moschzisker reconsidered his decision and set aside the sentence because he came to the conclusion that, since the indictment did not plead prior convictions, the sentence was illegal and could not stand. In sustaining a motion of defendant to set aside the sentence, he said (p. 1042) :

"The whole theory upon which such laws as the Act of 1909 are drawn, and the only theory upon which they can be sustained, is that one who commits a crime, after having formerly been convicted and sentenced for committing other crimes, is guilty of a different character of offense from another who may commit the same crime, but who has never before been convicted and sentenced for the commission of crime. On any other theory the increased sentence would be dangerously close to retroactive punishment for crime theretofore committed and for which the man has already been im-

prisoned. The fact of repetition after conviction and imprisonment is the thing that adds to the gravity of the crime, and hence to the punishment. The former conviction and imprisonment are essential factors of the crime itself, for which the man is indicted and for which he is to be punished, and these essential factors must be alleged in the indictment and proved exactly the same way as all other material facts involved in the trial of the case. The great weight of authority in the United States, where statutes provide increased punishment for a second or subsequent offense, is to the effect that the previous convictions must be set forth in the indictment and duly proven: Bandy v. Hehn, 10 Wyo. 167 (1901); People v. Sickles, 156 N. Y. 541 (1898), affirming 26 App. Div. 470; Evans v. State, 150 Ind. 651 (1898); Com. v. Harrington, 130 Mass. 35 (1880); Hines v. State, 26 Ga. 614 (1859); Tuttle v. Com., 2 Gray (Mass.), 505 (1854); Com. v. Walker, 163 Mass. 226 (1895); Com. v. Graves, 155 Mass. 163 (1892); Sturtevant v. Com., 158 Mass. 598 (1893); State v. Lashus, 79 Me. 504 (1887); State v. Manecke, 41 S. W. Repr. 223 (1899)." (Citing Pennsylvania authorities to the same effect.)

That in cases where a statute provides a different or greater penalty for a second or subsequent offense than for a first offense, the indictment and record must plead the prior offense in order to permit the imposition of the greater penalty is now no longer open to question or debate. It has been established beyond a shadow of a doubt in this and in practically every jurisdiction of the United States. It has also been established that there is no distinction in this respect between felonies and misdemeanors.

The Supreme Court of Pennsylvania, in the case of Rauch v. Commonwealth, 78 Pa. 490, decided this very same question. That case concerned a liquor case in which the defendant was indicted for selling liquor without a license. The statute in question permitted

then, as now, a fine only for the first offense; for a second or subsequent offense that statute required a fine and imprisonment, as does the present statute. The trial judge was informed that Rauch was a second offender and sentenced him as such, although the indictment did not carry a record of his first conviction. The Supreme Court reversed this sentence, deciding that Rauch must be sentenced as a first offender because the indictment did not plead the prior offense.

Chief Justice Agnew, speaking for a unanimous court, said there (p. 494) :

"The next question is applicable to two of the indictments only, viz., Nos. 26 and 31, January 1874. These indictments set forth no former conviction for selling liquors contrary to law, yet the court, upon its own knowledge of its records, sentenced the defendants to imprisonment in the county jail as upon a conviction of a *second* offence.

"This raises a serious question, whether a defendant can be made to suffer the greater punishment due to a second offence, without a trial, or being called on to answer for a second offence? That in cases of felony he cannot is proved by the case of Smith v. Commonwealth, 14 S. & R. 69. There the sentence for a punishment due to a second offence was reversed, on the ground that the fact of judgment for the former offence did not appear in the indictment. It was held that this must be a part of the record. But it is contended that this rule does not apply to misdemeanors. It is hard to discover any solid ground of distinction. The right of trial by jury is not confined to felonies, and the fact of identity of person is the same in either case. Clearly, a recently commissioned judge could not tell whether the John Smith or John Jones, before him now, is the same John who was convicted under his predecessor several years ago. So, if the fact of a former conviction does not appear in the record, a court of error would have no means of determining whether the defendant was rightly sentenced as

for a second offence, except by sending for the record of the former case and taking proof of the identity of the person defendant.

"As a general principle the punishment inflicted upon a citizen for any offence should appear by the record to be the lawful consequence of his conviction of that offence. *Now, imprisonment in jail is not a lawful consequence of a mere conviction for an unlawful sale of liquors.* It is the lawful consequence of a second sale only after a former conviction. On every principle of personal security and the due administration of justice, the fact which gives rightfulness to the greater punishment should appear in the record. To leave to a judge to determine it outside of the record is to subject the defendant to an *unconstitutional* mode of trial. The right to a trial of a material fact, to constitute his offence, by his peers, is one of the fundamental rights of the citizen, excepted out of the power of the legislature to impair or destroy." (Italics supplied.)

The Rauch case is a decision on all fours with the case at bar. It deals with a liquor law violation under an act of assembly which so far as the penalty provision is concerned—the part of the statute which we are here considering—is identical with the one governing the case at bar. No distinction whatever exists between the Ciccarelli case and the Rauch case. It is our duty as a trial judge to apply the law as interpreted by the Supreme Court, and under this decision we could not sentence Ciccarelli as a second offender.

The Rauch case was decided in 1875, before the creation of the present Superior Court, which now hears appeals in criminal cases. It has laid down the same rule. In Halderman's Case, 53 Pa. Superior Ct. 554, it held that a person could not be sentenced under the Act of May 10, 1909, P. L. 495, for a subsequent offense unless the indictment averred the prior convictions (pp. 556 and 557):

"The penalty for a crime punishment for which is imprisonment in the penitentiary is much severer under the statute referred to when the defendant has twice before suffered imprisonment of not less than one year in the penitentiary, and the prior offenses become a part of the description of and give quality to the crime for which the conviction was had. Repetition of crime adds aggravation to the later offense and is followed by severer consequences. It is recognized as a general principle that the judgment pronounced on a person for a crime should appear by the record to be a lawful penalty following his conviction. To leave to a trial judge to find from evidence not suggested in the record that the party convicted was guilty of the offense to which the greater punishment is attached would deprive the defendant of the right to a trial on a question vitally affecting his liberty and as to which he had a right to be heard. The identity of the person and the former imprisonment are matters of fact about which controversy might arise. It has been accordingly held in this and other States that in case of a conviction and sentence for a second offense which involved a greater punishment *the fact of the former imprisonment should be averred in the indictment.* Thereby, the substantive offense which is followed by the greater punishment is specifically set forth and the defendant is enabled to make such reply as the facts permit." (Italics supplied.)

Just recently the Superior Court reiterated its ruling in the case of Commonwealth ex rel. Flory v. Ashe, 132 Pa. Superior Ct. 405. It is there said (p. 406) :

"The sentence was illegal. It was not authorized under section 182 of the Criminal Code, for the indictment did not charge a former conviction . . ."

In the case of Commonwealth ex rel. Blattenberger v. Ashe, 133 Pa. Superior Ct. 509, decided December 20, 1938, the same was held. The applicable portion of the syllabus in that case reads as follows (p. 510) :

"The sentence of a second offender may not be increased, under section 182, unless the previous conviction was averred in the indictment for the second crime, and the record of that previous conviction was offered in evidence in support of that averment."

The rule of law is the same in practically all the other States. In 16 C. J. 1342, §3159, it is stated as follows:

"As a general rule, in prosecutions under statutes authorizing a more severe penalty to be imposed upon a conviction for a second or subsequent offense, the fact of a former conviction is regarded as a part of the description of the offense and therefore must be alleged in the indictment or information in order to authorize the infliction thereof, although in some jurisdictions the contrary rule prevails. The entire record of the former trial and conviction need not be set forth; it is only necessary that the facts required shall be alleged with sufficient clearness to enable the court to determine whether or not the statute applies."

In 31 C. J. 734, §282, the same rule is reiterated as follows:

"Where, in case of repeated convictions for similar offenses, the statute imposes an additional penalty, it is generally held that an indictment for a subsequent offense must allege the prior convictions, since, it is said in some jurisdictions, such an allegation, although affecting only the punishment, is a portion of the description of the offense."

In a footnote Corpus Juris cites only South Carolina as a State which does not follow this rule. There may be others, but certainly the vast majority follow the rule which prevails in Pennsylvania.

We refer to the cases of Kane v. Commonwealth, 109 Pa. 541, and Commonwealth v. Payne, 242 Pa. 394, which strongly support our view. We have not seen a single case in which it was decided that in cases of this nature the indictment need not refer to prior convictions. The only question that has arisen is the manner

of proving convictions in cases where defendant proceeds to trial by jury. That question, however, is not now before us, and we need not discuss it.

In the case of Commonwealth v. Boyer et al., 37 D. & C. 81, decided in 1940 by Judge Levinthal of the Court of Common Pleas of Philadelphia, that question of trial procedure was considered at great length. While Judge Levinthal seeks to distinguish his case from some of the appellate court cases, he fully agrees that a reference to the prior conviction must be contained in the indictment and record in liquor cases.

In Commonwealth v. Morrow, 9 Phila. 583, Judge Paxson also discusses the best method of proving a prior conviction at a jury trial without doing harm to defendant. But he also concedes that the record of the second conviction must in some way appear in the record of the case. Police cards and similar information usually supplied to the court are not included in the legal term "record". They are information informally supplied for the guidance of the court. See the opinion of Judge Moschzisker in the case of Commonwealth v. Aul, 18 Dist. R. 1040, 1046:

"In the ordinary cases of sentencing prisoners, the court informs its conscience by the most lax and liberal rules of evidence, and this because the statutes give the court discretion, but under the present statute, the words of the act are that the court *shall* impose the maximum sentence, thus leaving no discretion and making the findings of fact against the prisoner draw with them the increased punishment. In the present instance the only proof produced was of the most informal character and did not meet any of the requirements."

We have investigated the practice in Philadelphia County and have been advised by the district attorney of Philadelphia County that every indictment in Philadelphia County charging violations of liquor laws contains a reference to prior convictions, wherever that is the case.

654

In the recent case of Commonwealth v. Pate et al., at no. 971, September sessions, 1941, involving liquor law violations, a case in this county, where we imposed a sentence for a second offense, the indictment contains a count charging prior convictions.

It is clear from the preceding discussion and the authorities cited that the indictment must contain a reference to prior convictions in all cases where the statute prescribes a greater offense for a second or subsequent offense than for the first. That is true in liquor law violations and in the case of habitual offenders.

For the sake of clarity and so that we may not be misunderstood we add that this rule does not apply to any other offense.

In sentencing John Ciccarelli as a first offender, we complied with the rule of law as laid down by our highest courts. No other course was open to us.