Commonwealth ex rel. Barnes *v.* Smith, Warden.

232

Opinion by Keller, P. J., December 13, 1944:

All but one of the sentences imposed on the relator were in excess of the maximum penalty authorized by law, and one of them sentenced him to imprisonment for an indeterminate term in the Eastern Penitentiary when he should have been committed to the Dauphin County Jail for a fixed and definite period of time. They will be corrected by us. See *Halderman's Petition*, 276 Pa. 1, 4, 5, 119 A. 735.

The relator pleaded guilty on December 17, 1934 to four 'district attorney's bills' to September Sessions, 1934, in the Court of Oyer and Terminer, etc., of Dauphin County, as follows: No. 508 (Larceny of an automobile) on which he was sentenced to imprisonment in the Eastern State Penitentiary for not more than 12 years or less than 3 years to be computed from October 2, 1934; No. 509 (Larceny), No. 510 (Larceny), and No. 511 (Felonious entry), on each of which he was given the same sentence, to run concurrently with No. 508. The maximum sentence which could be imposed on that date for the larceny of an automobile (Act of

May 1, 1919, P. L. 99) was 10 years, and for larceny, (Penal Code, 1860, sec. 103) the maximum was 3 years, and for felonious entry (Act of March 13, 1901, P. L. 49) the maximum was 10 years. The sentences on Nos. 508 and 511 will be reduced to a maximum imprisonment in the penitentiary of 10 years and a minimum of 3 years, and the sentences on Nos. 509 and 510 will be reduced to a maximum of 3 years and a minimum of a year and a half, all to run concurrently.

While the relator was out on parole he committed a misdemeanor punishable by simple imprisonment, and on conviction on March 15, 1939 to No. 206 September Sessions, 1938, was sentenced to pay a fine of $100, costs of prosecution and undergo imprisonment in the Dauphin County Prison for the term of 6 months and 7 days, to be computed from September 8, 1938. Under the Act of June 19, 1911, P. L. 1055, Section 10, as amended by the Act of June 22, 1931, P. L. 862, relator was obliged to serve his sentence in the Dauphin County Jail first, and then be compelled by detainer and remand to serve in the penitentiary, from which he had been released on parole, the unexpired portion of his maximum term without commutation.

While in the Dauphin County Jail, after having served 6 months and 7 days, but before he had paid his fine and costs or had been remanded to the Eastern Penitentiary, he escaped from the Dauphin County Jail, and, on March 27, 1939, pleaded guilty to a district attorney's bill (No. 208 March Sessions, 1939) charging an escape from said prison and was sentenced the same day to imprisonment in the Eastern Penitentiary for and during a term of one year to two years to commence and be computed from the expiration of his parole term. Under the Penal Code of 1860, Section 3, it was provided that upon conviction of said offense the defendant should be sentenced to undergo an imprisonment, "of the like nature, and for a period of

time not exceeding the original sentence by virtue of which he was imprisoned." The sentence was unlawful as it committed him to the Eastern Penitentiary and imposed an indeterminate sentence of from one to two years. The commitment should have been to the Dauphin County Jail for a period not exceeding 6 months and 7 days, to take effect after the expiration of his imprisonment in the Eastern Penitentiary for the unexpired portion of his maximum term imposed under No. 508 September Sessions, 1934, pursuant to the provisions of the later Act of June 22, 1931, P. L. 862. The sentence will accordingly be corrected to a sentence of a definite term of 6 months and 7 days in the Dauphin County Prison, to take effect after his release from the penitentiary on sentence No. 508 aforesaid and remand to said prison. The statement in the district attorney's bill that the relator, at the time of his escape, was imprisoned in the Dauphin County Prison, by virtue of a conviction of the offense of felonious entry and larceny, as well as the misdemeanor beforementioned, was a clear mistake. He had been charged in Lebanon County with felonious entry and larceny, alleged to have been committed during the period of his escape, for which a detainer was filed with the warden of the Eastern Penitentiary by the Lebanon County authorities. The only sentence relator was serving in the Dauphin County jail was that imposed under the misdemeanor indictment to No. 206 September Sessions, 1938.

The net result of the foregoing is that the said relator is entitled to be released from confinement in the Eastern Penitentiary when he has served the unexpired portion of his corrected maximum term of 10 years imposed on No. 508 September Sessions, 1934, without commutation. He will then be remanded to the Dauphin County Prison to serve the corrected sentence of 6 months and 7 days on No. 208 March Ses-

sions, 1939, subject to being further held on the detainer lodged by the Lebanon County authorities with the Eastern Penitentiary as per warrant issued by Henry W. Hamilton, alderman or justice of the peace, on March 27, 1939, charging him with breaking, entering and larceny.

It is so ordered. In all other respects the petition is denied.