## Commonwealth v. Scott

*Richard D. Walker,* assistant district attorney, and *Carl B. Shelley,* district attorney, for Commonwealth. *Walter H. Compton,* for defendant.

HARGEST, P. J., January 20, 1945.—The defendant was indicted for the unlawful possession and sale of alcoholic liquor and malt beverages. She waived a jury trial and was found guilty by the court. There was no allegation of previous conviction either in the information or indictment. Upon the district attorney furnishing to the court the fact that she had been previously convicted of the same offense, she was sentenced, on September 20, 1944, to pay a fine of $200 and be imprisoned in the jail for a period of two months. On September 22 the motion in arrest of judgment was presented, and she was released on her own recognizance, subject to the call of the district attorney.

Section 610 of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, provides that for the first offense there is no imprisonment unless there is a failure to pay the fine imposed; but both fine and imprisonment are authorized for a second or subsequent offense. The Beverage License Law, as amended June 16, 1937, P. L. 1827, provides in section 30, 47 PS §100(i), for a fine for the first offense, and both fine and imprisonment for the second offense.

The court having imposed both fine and imprisonment, the question is whether the prison sentence was illegally imposed.

Defendant has mistaken her remedy. There can be no doubt that habeas corpus was the proper remedy under the circumstances: Halderman's Case, 53 Pa. Superior Ct. 554; Commonwealth ex rel. Flory v. Ashe, Warden, 132 Pa. Superior Ct. 405; Commonwealth ex rel. Blattenberger v. Ashe, Warden, 133 Pa. Superior Ct. 509; Commonwealth ex rel. O'Leary v. Ashe, Warden, 156 Pa. Superior Ct. 235; Commonwealth ex rel. Barnes v. Smith, Warden, 156 Pa. Superior Ct. 231.

However, the questions arising here have been determined on a motion or petition for sentence: Com-

monwealth v. Aul, 18 Dist. R. 1040; Commonwealth v. Tallman, 19 Dist. R. 879; Commonwealth v. Stack et al., 20 Dist. R. 599; Commonwealth v. Burwell, 21 Dist. R. 197; Commonwealth v. Ciccarelli, 42 D. & C. 643.

It was also considered on a motion to quash the indictment: Commonwealth v. Boyer et al., 37 D. & C. 81.

After a plea of guilty, a motion to quash cannot reach a defect in the indictment, such as the failure to allege a former conviction. But without intending to establish a precedent, we will treat this motion in arrest of judgment as in the nature of a habeas corpus, because if it were dismissed and defendant remanded to jail, she could immediately apply for such writ.

The question here is whether the statutory penalty for a second offense may be imposed where the indictment does not aver a former conviction. The district attorney concedes that such a sentence cannot be imposed and requests the court to determine whether an allegation of a former conviction could be averred in the indictment if it did not also appear in the information.

The effect upon defendant of averring a former conviction in the indictment has received much consideration from the courts. The courts are not at all in harmony as to how such averments should be treated in the conduct of the trial.

As early as 1826, it was decided, in the case of Smith v. Commonwealth, 14 S. & R. 69, that in a case of burglary the indictment should not only charge that the defendant was previously convicted but, also, that the court entered judgment thereon, and "what that judgment was".

In Rauch v. Commonwealth (1875), 78 Pa. 490, the court held that the rule not only applied to felonies but to misdemeanors; that a former conviction in a liquor

case must be charged in the indictment, and "is a fact which must be determined by a jury".

The appellate courts have never receded from that position. See Kane v. Commonwealth, 109 Pa. 541; Halderman's Case, 53 Pa. Superior Ct. 554; Commonwealth v. Payne, 242 Pa. 394, 399; Commonwealth ex rel. Flory v. Ashe, Warden, 132 Pa. Superior Ct. 405; Commonwealth ex rel. Blattenberger v. Ashe, Warden, 133 Pa. Superior Ct. 509.

The trial judges, however, have found great difficulty in applying this procedural principle, because it was regarded that to offer the indictment in evidence, or to allow it to go out with the jury, without proof of the former conviction and of the identity of the defendant so far as former convictions were concerned, was submitting to the jury a mere allegation without evidence. But Mr. Justice Gordon, in the case of Kane v. Commonwealth, supra, said (p. 544):

"It is true, the exhibition, in this manner, of the defendant's previous crime may have had a very bad effect upon his character, but this result must be charged to his own default, and to the statute which looks rather to the protection of the law-abiding community than to the welfare of the criminal class."

The Act of March 15, 1911, P. L. 20, provides that a defendant called as a witness in his own behalf cannot be questioned concerning any former conviction, or tending to show his bad character or reputation, unless he had put his own character or reputation in evidence.

But even before the Act of 1911 the trial judges of the Commonwealth encountered great difficulties in applying the rule without violating other settled rules of law.

As early as 1872, Judge Paxson, in Commonwealth v. Morrow, 9 Phila. 583, said to allege a former conviction in the indictment (p. 585):

". . . would be an anomaly in the administration of the criminal law. It would go very far to secure his conviction. It would settle every question of doubt decisively against him. It would render his evidence of good character of no practical value. That which in other cases is jealously excluded by all the rules of evidence, would be here thrown in with most disastrous consequences to the defendant, at a time, too, when, of all others, he should have a fair trial, as double punishment follows a second conviction."

He said, on the other hand, the question of identity was one of fact, and the defendant would be entitled to have that settled by a jury, and perhaps by a second jury.

Judge Arnold, in Commonwealth v. Hagan, 20 Phila. 392, was disturbed by the kind of record which should be made. Of course, the prisoner may admit his identity, but if he did not, and was being tried on an indictment alleging a second offense, what manner of verdict could be rendered if the jury did not identify him with a former conviction? The defendant could not be found "guilty in a manner and form as indicted". Judge Arnold concluded that the proper method to bring the question of identity on the record was by a suggestion of the district attorney after conviction, but if the defendant did not admit his identity, there, again, was the difficulty of ascertaining the fact.

In Commonwealth v. Aul, 18 Dist. R. 1040, Judge Moschzisker discussed the problem at great length, and concluded (p. 1044):

". . . in the absence of any statutory provisions to the contrary, all of the prime facts constituting the offence for which the prisoner is being tried, and for which he must suffer punishment upon conviction, shall be properly charged in the indictment and submitted to the jury as part of the commonwealth's case in chief."

In that case the district attorney moved for sentence on the ground of a previous conviction, and submitted police records of the facts. This evidence was objected to as insufficient. The court ruled the prisoner could deny his identity or could deny the facts stated in the police records if he saw fit, but, in the absence of any denial, it would be accepted as sufficient. The prisoner stood mute and the court imposed a sentence based upon former convictions, which the court subsequently set aside.

In the case of Commonwealth v. Burwell, 21 Dist. R. 197, President Judge Staples, of Northampton County, declined to be bound by the doctrine of Rauch v. Commonwealth, supra, because he thought it was inconsistent with the Act of March 15, 1911, P. L. 20. He discussed, also, what verdict could be rendered if, to an indictment alleging former convictions, there were pleas autre fois acquit and not guilty. In that case, however, the indictment alleged a former conviction, but at side bar, without the hearing of the jury, the Commonwealth offered in evidence the record of the previous conviction and sentence, which was objected to by the defendant; and the court sustained the objection. The district attorney then subsequently presented a suggestion of a previous conviction, on which a rule was granted to show cause why he should not be sentenced as a second offender, to which no written answer was filed, and the court thereupon required the Commonwealth to prove the previous conviction and the defendant's identity. Whereupon the enlarged sentence was imposed. But there is no indication in the case that the defendant waived any jury trial as to the question of his identity.

Later, in Commonwealth v. Stack et al., 20 Dist. R. 599, President Judge Scott, in the same court, asserted the authority of Kane v. Commonwealth, supra, and

adhered to the trend of authority that the indictment must aver a former conviction and sentence.

In Commonwealth v. Boyer et al., 37 D. & C. 81, the matter which disturbed Judge Staples in Commonwealth v. Burwell, supra, was squarely before the court on a motion to quash the indictment which contained charges of prior convictions, on the ground that it was in violation of the Act of March 15, 1911, P. L. 20. After a very thorough discussion of the cases, the court refused to quash, but held that in order to prevent prejudice to the defendant on trial for the substantive charge, the trial judge should rule out evidence of prior convictions until after the jury's verdict on the substantive charge, and that indictments be not submitted to the jury on its retirement. Then, if defendants be found guilty, a suggestion of record should be filed by the Commonwealth, whereupon a rule should be granted to show cause why the increased sentence should not be imposed, and thereupon, if the identity of the former conviction was denied, an issue should be framed and submitted to the jury.

In Commonwealth v. Ciccarelli, 42 D. & C. 643, it is again held that the indictment must plead a conviction and sentence of the former offense, but Judge Ellenbogen did not discuss the procedural difficulties in bringing that averment either before the jury or the court.

The further question is whether the indictment should contain an allegation of former conviction if no such averment is made in the information upon which the indictment is drawn. There is no difficulty in this regard. The grand jury has a right to make presentments, and where the district attorney is in possession of sufficient evidence he should present the evidence to the grand jury and have the indictment show upon its face that the grand jury is making such presentment upon its own investigation.

The propriety of sending the indictment out with the jury, where the former conviction is not put in issue on the trial, has received considerable judicial attention in both State and Federal courts: Onofri v. Commonwealth, 20 W. N. C. 264, 266; Commonwealth v. Criscuolo et al., 7 D. & C. 446, 452; Commonwealth v. Reinschreiber, 276 Pa. 262, 265; Masterson v. State (Ind.), 144 Ind. 240, 43 N. E. 138; Lee v. State of Indiana, 213 Ind. 352, 12 N. E. (2d) 949, 950; Little v. United States, 73 F. (2d) 861, 864, and Note 1; United States v. Thompson, 27 Fed. Supp. 905; United States v. Haupt et al., 47 Fed. Supp. 836, 838; Sanders v. State, 131 Ala. 1, 31 So. 564.

In the Federal cases it is definitely settled that the question of sending the indictment out with the jury rests in the sound discretion of the court.

In the Haupt case, supra, the court said to the jury (p. 838) : ". . . the indictment is being given to you only for the purpose of informing you more at length as to the precise charges made."; and cautioned the jury that it was not to be considered as in evidence against any of the defendants.

In the Thompson case, supra, the jury was likewise instructed, and the court concluded that inasmuch as the indictment contained 24 counts and 120 pages, sending it out to the jury was not prejudicial.

In the Haupt, Thompson, Masterson, and Little cases, supra, it appears that the discretion is properly exercised only when the court advises the jury that the indictment is not evidence of the allegations made therein.

In the Lee case, supra, it was held to be proper provided there is nothing of a prejudicial character attached to or endorsed on the indictment.

In the Pennsylvania cases, as indicated by Mr. Justice Gordon, in the language quoted in Kane v. Commonwealth, supra, the reference to a former convic-

tion would not be considered to be prejudicial to the defendant in the legal sense.

In Onofri v. Commonwealth, supra, quoted in Commonwealth v. Reinschreiber, supra, the Supreme Court said (p. 266) : "The bill of indictment is always sent out with the jury . . ." And it was there ruled that it was not reversible error to send out the indictment on which a previous conviction of murder in the first degree, with an order granting a new trial, had been endorsed, which might possibly have prejudiced the defendant in the eyes of the jury.

In Commonwealth v. Criscuolo, the original indictment contained endorsements showing the results reached in three former trials; and it was held that an exact copy, except for the endorsements, was properly given to the jury.

Notwithstanding what was said in the Onofri case, and repeated in the Reinschreiber case, that "the bill of indictment is always sent out with the jury", we know of no law that requires such practice. We are of opinion that the original indictment, averring a former conviction, should not be sent out, but a copy of it, with that averment omitted, should be furnished to the jury. There is no legal requirement that the verdict must be endorsed on the original indictment.

We recognize that most of what we have said in this opinion is obiter dicta, called for by the request of the district attorney as to what should be the proper procedure.

The very disturbing difficulty is that since the indictment requires an averment of former conviction there can be no conviction on that averment without evidence of the fact. To present evidence of the fact at the time of the trial of the substantive charge averred in the indictment would be to ignore the Act of 1911. It is apparent that this situation calls for corrective legislation.

However, we hold, in order to sentence for a former conviction:

1. That the indictment must contain an averment of such conviction and sentence.

2. That where there is no averment of a former conviction in the information, the grand jury may, of its own motion, make such presentment in the indictment.

3. That on the trial of the substantive offense, the Commonwealth may not submit evidence of the former conviction, unless the former conviction may be put in evidence to affect his credibility or the defendant has put his character or reputation in evidence, and that the original indictment, with the averment of former conviction, should not be sent out to the jury; but that an exact copy, with the exception of such averment, may be.

4. That after conviction on the substantive averment, the district attorney should present, in writing, a suggestion to show cause why the enlarged sentence should not be imposed, to which the defendant may answer.

It follows that so much of the sentence as imposed imprisonment was unlawful.

And now, January 29, 1945, the sentence is hereby corrected to read as follows:

"January 29, 1945, the sentence of the court is that the defendant pay a fine of two hundred dollars to the commonwealth and costs of prosecution, and, on failure to pay such fine, she be imprisoned in the jail of Dauphin County for and during the period of 2 months."