Commonwealth *v.* Moses, Appellant.

Argued November 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Carmen F. Lamancusa,* Assistant Public Defender, for appellant.

*Kenneth E. Fox, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 19, 1970:
Judgment of sentence affirmed.

———

CONCURRING OPINION BY CERCONE, J.:
Appellant was indicted for a violation of the Pennsylvania Liquor Code, found guilty after trial by jury, and sentenced by the court as a second offender though

the Indictment made no reference to any prior offense. The issue presented to this court was whether or not the sentence as a second offender was improper in view of the Commonwealth's failure to state the prior offense in the Indictment, appellant claiming that Section 494 of the Pennsylvania Liquor Code (Act of April 12, 1951, P. L. 90, 47 P.S. 4-494) made such statement imperative. A reading of that section, however, clearly reveals it pertains to penalty only and does not make the prior offense a part of the substantive offense presently charged:

"Any person who shall violate any of the provisions of this article, except as otherwise specifically provided, shall be guilty of a misdemeanor and, upon conviction thereof, shall be sentenced to pay a fine of not less than $100.00 nor more than $500.00, and on failure to pay such a fine, to imprisonment for not less than one month, nor more than three months, and for any subsequent offense, shall be sentenced to pay a fine not less than $300.00 nor more than $500.00, and to undergo imprisonment for a period not less than three months, nor more than one year."

In *Commonwealth v. Koczwara,* 188 Pa. Superior Ct. 153, affirmed, 397 Pa. 575 (1959), we were not faced with the issue here presented for the Indictment in that case did contain the statement of the prior offense. The issue in that case was whether or not defendant's sentence as a second offender was justified by the circumstances, and this court's inclusion of a quotation mentioning as a requirement that the indictment contain a statement of the prior offense was merely dictum and wholly unnecessary to the case. In fact, a reading of the *Koczwara* decision clearly reveals the problems that arise and are encountered by having an Indictment allege the prior offense, such as giving the jury a modified copy of the Indictment omitting the prior offense. In that case, we clearly noted that the

averment as to the prior offense is not part of the substantive offense being presently charged, for we there stated:

". . . 3. That on the trial of the substantive offense, the Commonwealth may not submit evidence of the former conviction, unless the former conviction may be put in evidence to affect his credibility or the defendant has put his character or reputation in evidence, and that the original indictment, with the averment of former conviction, should not be sent out to the jury; but that an exact copy, with the exception of such averment, may be. . ."

As the jury should not be apprised of the prior offense, it playing no part in the trial of the substantive offense, it would be most unreasonable to require the prior offense to be stated in the Indictment. The averment of the prior offense is not an averment of fact material to the substantive offense of which defendant should be notified in order to prepare his defense; the prior offense is material only in the determination of penalty after conviction, at which time the procedure indicated in our *Koczwara* decision is to be followed:

"4. That after conviction on the substantive averment, the district attorney should present in writing, a suggestion to show cause why the enlarged sentence should not be imposed, to which the defendant may answer."

This procedure gives ample protection to the defendant in that at the time of sentencing he can interpose any defense he may have to the court's consideration of the prior offense in the determination of his present sentence.

The lower court therefore properly sentenced the defendant on the basis of his record of prior offenses, even though they were not alleged in the indictment. The defendant's conviction and sentence were based

on a legally sufficient Indictment and on legally sufficient evidence. Therefore the judgment of the court below is properly affirmed.

WRIGHT, P. J., joins in this concurring opinion.

---

DISSENTING OPINION BY MONTGOMERY, J.:

The appellant, George Moses, and Michael Apecella, were indicted for selling liquor, etc., after 2:00 a.m. on a Sunday and prior to 7:00 a.m. on the Monday following. The indictment makes no reference to prior offenses, although the information on which it was predicated charged the appellant with two prior convictions for liquor law violations.

Apecella entered a plea of guilty but appellant pleaded not guilty and was found guilty by a jury. His motion for a new trial and in arrest of judgment having been overruled, he was sentenced to pay a fine of $300 and the costs of prosecution and to undergo imprisonment in the Lawrence County jail for a period of not less than six months nor more than twelve months. This appeal followed.

I see no merit in appellant's contention that the evidence is insufficient to sustain his conviction. However, I must dissent from the majority's action in affirming the sentence since, in my opinion, it is illegal.

The sentence imposed on appellant is that prescribed for a second offender under the Liquor Code, Act of April 12, 1951, P. L. 90, art. IV, §494, 47 P.S. §4-494, the limit of the penalty for a first offender being a fine of not less than $100 or more than $500, and imprisonment *only* "on failure to pay such fine" for not less than one month, nor more than three months.

On the authority of *Commonwealth v. Koczwara*, 188 Pa. Superior Ct. 153, 146 A. 2d 306 (1958), aff'd, 397 Pa. 575, 155 A. 2d 825 (1959), it is clear that in such cases the indictment must contain an averment of

prior conviction and sentence to sustain a conviction for additional offenses. Since this indictment did not contain such an averment, appellant was convicted merely as a first offender and should have been sentenced as such.

I would vacate the judgment of sentence and remand the case to the lower court for resentencing in accordance with the law.

Therefore, I dissent.

---

DISSENTING OPINION BY HOFFMAN, J.:

I join in Judge MONTGOMERY'S well-reasoned dissenting opinion. The Commonwealth argues in its brief, however, that even if Judge MONTGOMERY is correct, appellant has waived the question.

Appellant was tried for a violation of the Liquor Code, Act of April 12, 1951, P. L. 90, Art. IV, §406, as amended, 47 P.S. §4-406. His bill of indictment contained no reference to a prior violation of the Code. After conviction and before sentence, appellant moved for a new trial. His motion having been denied, appellant was sentenced. From judgment of sentence, he brings this appeal.

The Commonwealth cites *Commonwealth v. Zelnick*, 202 Pa. Superior Ct. 129, 195 A. 2d 171 (1963), for the proposition that appellant should have attacked his sentence on his motion for a new trial. In so far as *Zelnick* so holds, I would overrule it. Appellant, and other defendants like situated, cannot attack an error in sentencing before sentence is pronounced. To require them to have such foresight is to demand the impossible in most cases.

However, I agree with the Commonwealth that appellant should raise the question below. A court may correct an illegal sentence during and even after the term in which the sentence was imposed. See, e.g.,

286

*Commonwealth ex rel. Firmstone v. Myers,* 207 Pa. Superior Ct. 453, 217 A. 2d 851 (1966). In order to preserve for direct review future attacks upon the legality of sentences, I would require **petitions for reconsideration** of sentence to be presented in the trial court.

I would not bind appellant, of course, to a rule first announced today. Accordingly, I would hold that appellant has not waived the question he raises.