Commonwealth *v.* Moses, Appellant.

Argued October 2, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

146

*Carmen F. Lamancusa,* Assistant Public Defender, for appellant.

*James A. Caldwell,* Assistant District Attorney, with him *W. Thomas Andrews,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Cohen, November 12, 1970:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Lawrence County, affirmed by the Superior Court, per curiam, 216 Pa. Superior Ct. 281, 263 A. 2d 781 (1970). Judge Cercone filed a concurring opinion joined by President Judge Wright. Judges Montgomery and Hoffman filed dissenting opinions. We granted allocatur.

Appellant was found guilty of selling liquor after the required closing hour pursuant to an indictment which did not contain any allegation of prior convictions. Appellant was sentenced by the lower court to pay a fine and undergo imprisonment in accordance with section 4-494 of the Liquor Code, a recidivist section providing for an enlarged sentence for conviction of second or subsequent offenses, Act of April 12, 1951, P. L. 90, Art. IV, §494, 47 P.S. §4-494. The lower court lacked the power to impose this enlarged sentence when the indictment did not contain averments of prior convictions. *Commonwealth v. Payne,* 242 Pa.

394, 89 Atl. 559 (1913) ; *Rauch v. Commonwealth,* 78 Pa. 490 (1875) ; *Commonwealth ex rel. Blattenberger v. Ashe,* 133 Pa. Superior Ct. 509, 3 A. 2d 287 (1938) ; *Commonwealth ex rel. Flory v. Ashe,* 132 Pa. Superior Ct. 405, 1 A. 2d 685 (1938) ; *Commonwealth ex rel. Banks v. Myers,* 84 Dauph. 222 (1965) ; *Commonwealth v. Scott,* 54 Pa. D. & C. 243 (1945) ; *Commonwealth v. Ciccarelli,* 42 Pa. D. & C. 643 (1941) ; *Commonwealth v. Boyer,* 37 Pa. D. & C. 81 (1940).

Since a writ of habeas corpus is the proper remedy for testing the legality of a sentence based upon a defective indictment and for correcting an illegal sentence, *Commonwealth ex rel. Flory v. Ashe,* supra; *Commonwealth ex rel. Banks v. Myers,* supra; *Commonwealth v. Scott,* supra, we consider this appeal as being in the nature of a habeas corpus proceeding.

The judgment of sentence is vacated and the record remanded to the lower court for sentencing.