417 A.2d 712

**COMMONWEALTH of Pennsylvania**

v.

**Darl Lois CAMPBELL, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Jan. 4, 1980.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before HESTER, HOFFMAN and CATANIA, JJ.*

HOFFMAN, Judge:

■ Appellant contends that because the Commonwealth's bill of information charging her with retail theft under section 3929(a)(1) of the Crimes Code [1] did not mention a prior offense, the lower court should have sentenced her as a first offender.[2] We agree and, accordingly, vacate the judgment of sentence and remand the case for resentencing.

On November 11, 1977, the District Attorney of Lancaster County filed a bill of information, alleging that appellant

---

* President Judge Francis J. Catania of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, as amended Dec. 2, 1976, P.L. 1230, No. 272, § 1; 18 Pa.C.S.A. § 3929(a)(1) (Supp.1979–80). Section 3929(a)(1) provides:
 A person is guilty of a retail theft if he:
 (1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof . . ..

2. Appellant also contends that the lower court erred in sentencing her as a second offender because her prior offense occurred before the enactment of the present Crimes Code. Because of our disposition of the case, however, we need not decide this issue.
 Additionally, appellant contends that she should be discharged because her violation of section 3929 was de minimis. We find no merit to this contention.

had committed retail theft under section 3929(a)(1) of the Crimes Code by taking merchandise valued at $1.59 from a Lancaster, Pennsylvania, store. The information did not state that appellant had committed any prior offenses. After the jury found appellant guilty, the lower court denied post-trial motions. At the sentencing hearing, the Commonwealth presented evidence of appellant's prior shoplifting offenses. After the lower court sentenced appellant to probation for a period of one year,[3] appellant took this appeal.

 It is well-settled that a court may not impose an enlarged sentence under a recidivist statute if the indictment or bill of information does not contain allegations of prior convictions. *See, e. g., Commonwealth v. Moses*, 441 Pa. 145, 146, 271 A.2d 339, 340 (1970) (Liquor Code); *Commonwealth v. Herstine*, 264 Pa.Super. 414, 416, 399 A.2d 1118, 1119 (1978) (retail theft). Section 3929(b)(1)(I) of the Crimes Code provides: "Retail theft constitutes A: (I) Summary offense when the offense is a first offense and the value of the merchandise is less than $150." 18 Pa.C.S.A. § 3929(b)(1)(I). Because the bill of information in this case did not indicate that appellant had committed any prior offenses, appellant's sentence could not lawfully exceed that which is allowable for a summary offense.

Judgment of sentence vacated and case remanded for resentencing in accordance with this opinion.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I dissent, the sentence was proper.

3. The record does not indicate whether the lower court sentenced appellant pursuant to 18 Pa.C.S.A. § 3929(b)(1)(II) (misdemeanor of the second degree) or 18 Pa.C.S.A. § 3929(b)(1)(IV) (felony of the third degree).