J-S14003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KWESI HUDSON | : | |
| | : | |
| Appellant | : | No. 2465 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 7, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0003657-2017

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY LAZARUS, J.:                     **FILED APRIL 24, 2019**

Kwesi Hudson appeals from the judgment of sentence, entered in the Court of Common Pleas of Delaware County, after a jury convicted him of two counts of robbery[1] and two counts of false imprisonment.[2]  Hudson challenges the legality of his mandatory minimum sentence.  After careful review, we affirm.

On May 24, 2017, Trina Price was working the evening shift as a cashier at a CVS pharmacy in Media, Delaware County.  As the store was about to close, Hudson approached Price with a ski mask over his face and a gun in his hand.[3]  He threatened Price with the gun, demanding to be taken to the safe.

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[2] 18 Pa.C.S.A. § 2903(a).

[3] Later, the police discovered Hudson possessed a BB gun.

---

*   Retired Senior Judge assigned to the Superior Court.

Price took Hudson to the CVS shift supervisor's office, where the safe was kept. Hudson forced Price into the office at gunpoint, ordered Price to lie on the floor, and demanded Jackie Gallen, the shift supervisor, hand over the money in the safe. Gallen had been in the middle of a FaceTime video conversation with her boyfriend, who contacted the police as he watched the robbery unfold. Hudson directed Gallen to take the money from the safe and put it in his bag. After Gallen emptied the contents of the safe, Hudson locked the two women in the store's rear bathroom. Hudson then attempted to escape out of the store's back door, but set off an alarm in the process. The police arrived shortly thereafter and arrested Hudson.

On March 30, 2018, the jury found Hudson guilty of the above-mentioned charges. On July 2, 2018, the Commonwealth notified Hudson of its intent to invoke mandatory minimum penalties pursuant to 42 Pa.C.S.A. § 9714 (sentences for second and subsequent offenses). N.T. Sentencing, 8/7/18, at 5. At Hudson's sentencing hearing on August 7, 2018, the Commonwealth introduced Hudson's certified criminal record from New Jersey, which noted a twenty-year sentence of incarceration for first-degree robbery, pursuant to N.J.S.A. § 2C:15-1(a)(2). Finding the requirements of section 9714 satisfied, the court sentenced Hudson to consecutive ten to

twenty year terms of incarceration for the two robbery convictions, followed by nine to eighteen months' imprisonment for false imprisonment.[4]

Hudson did not file post-sentence motions. He, however, timely filed a notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Hudson raises the following issues for our review:

1) Whether the mandatory sentences imposed pursuant to 42 Pa.C.S.[A.] § 9714 for robbery [] are illegal[,] since the mandatory provision and its triggering facts were not charged in the information?

2) Whether the mandatory sentences imposed pursuant to 42 Pa.C.S.[A.] § 9714 for robbery [] are illegal because [] Hudson's prior robbery case pursuant to N.J.S.A. § 2C:15-1(a)(2) is not a crime of violence as defined by [s]ection 9714(g), especially where the New Jersey statute is not equivalent to robbery under 18 Pa.C.S.[A.] § 3701(a)(1)(ii)?

Brief of Appellant, at 5.

Initially, we note both of Hudson's claims are properly before this Court though neither was raised at sentencing or in post-sentence motions.[5] Where "[a]pplication of a mandatory minimum sentence gives rise to illegal sentence concerns, even where the sentence is within the statutory limits[,] [I]egality

---

[4] The court set one count of false imprisonment to run concurrently to his sentences for robbery and one count to run consecutively, for an aggregate penalty of twenty years and nine months' to forty one years and six months' incarceration.

[5] The court found Hudson waived his first claim by raising it for the first time in his Rule 1925(b) concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(a) opinion, 11/13/18, at 11.

of sentence questions are not waivable." ***Commonwealth v. Watley***, 81 A.3d 108, 117–18 (Pa. Super. 2013) (en banc). Hudson's claims fall within this narrow exception to traditional rules of issue preservation. ***Id.*** Consequently, we will address the merits of his appeal. "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Wolfe***, 106 A.3d 800, 802 (Pa. Super. 2014)

In his first claim, Hudson argues the prosecution was required to provide him with notice of its intent to seek a "second[-]strike penalty" by amending "the informations to include allegations of prior convictions that might potentially trigger a mandatory sentence." Brief of Appellant, at 13. In support of his argument, Hudson relies on a line of cases where prior criminal convictions were required to be alleged an information or indictment. **See** Brief of Appellant, at 11–15 (citing ***Commonwealth v. Gibson***, 688 A.2d 552, 556 (Pa. Super. 1995); ***Commonwealth v. Campbell***, 417 A.2d 712, 713–14 (Pa. Super. 1980); ***Commonwealth v. Longo***, 410 A.2d 368, 503 (Pa. Super. 1979); ***Commonwealth v. Moses***, 271 A.2d 339, 340 (Pa. 1970)).

None of the above-mentioned cases involves section 9714. **See** ***Gibson***, ***supra*** at 556 (retail theft); ***Campbell***, ***supra*** at 713–14 (retail theft); ***Longo***, ***supra*** at 503 (retail theft); ***Moses***, ***supra*** at 556 (liquor code violation). Rather, these cases contemplate statutes where the crime charged

varies in accordance with the number of prior convictions the accused has accrued, exposing the repeat offender to a greater maximum penalty, and thus, concomitantly requiring notice of prior convictions in the charging document. *See e.g.*, 18 Pa.C.S.A. § 3929(b) (charging retail theft as summary offense if defendant has two or fewer prior convictions, but as third-degree felony if three or more prior convictions); *accord Commonwealth v. Reagan*, 502 A.2d 702, 705 (Pa. Super. 1985) ("in [] these cases, the recidivist statute under which the defendant was sentenced provided for an increased *maximum* or an 'enlarged' sentence, and it was for this reason that the Courts concluded that prior convictions had to be alleged in the information or indictment.") (emphasis in original).

Hudson always faced a statutory *maximum* penalty of twenty years on each robbery charge, irrespective of how many robberies he had previously committed, because they were graded as first-degree felonies.[6] *See* 18 Pa.C.S.A. § 1103(1) (stating maximum sentences for felonies). For retail theft, the statute at the crux of Hudson's argument, the *maximum* penalty faced by a defendant shifts from 90 days when charged as a summary offense

---

[6] Under Pennsylvania Law, robbery can be graded as a felony of the first, second, or third degree. 18 Pa.C.S.A. 3701(b). That determination, however, occurs independently of one's prior criminal history, instead hinging on the severity of the actor's conduct. *See* 18 Pa.C.S.A. § 3701(a)(1), (b)(1). The robberies for which Hudson was convicted—robberies where an individual "threatens another with or intentionally puts [another] in fear of immediate serious bodily injury"—are always felonies of the first degree. *Id.*

for having two or fewer prior retail theft convictions to seven years when charged as a third-degree felony with three or more prior convictions. ***See id.***; ***see also*** 18 Pa.C.S.A. § 1105 (stating maximum penalty for summary offenses). Consequently, Hudson's proposition—that prior crimes of violence need to be alleged in the charging document—rests on entirely inapposite case law. ***See Reagan***, ***supra*** at 705.

To properly consider the timing of notice, we turn to section 9714, which reads, in relevant part, as follows:

**(a)  Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.

. . .

**(d) Proof at sentencing.--** Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing[.]

18 Pa.C.S.A. § 9714(a), (d).

By the text of the statute itself, it is clear that reasonable notice comes not at charging, but "after conviction and before sentencing." ***Id.*** This Court has found the Commonwealth's notice of intent under section 9714 reasonable

- 6 -

when communicated as few as three days before sentencing. *Commonwealth v. Taylor*, 831 A.2d 661, 667 (Pa. Super. 2003).

Hudson received notice on July 2, 2018—over one month before he was sentenced on August 7, 2018. N.T. Sentencing, 8/7/18, at 5. Hudson does not contest the fact that he received notice prior to sentencing. Brief of Appellant, at 12 ("After the verdict, but prior to sentencing, the prosecution notified Mr. Hudson of its intent to invoke mandatory second strike penalties pursuant to 42 Pa.C.S. § 9714(a)(1)[.]"). Such circumstances fall well with this Court's conception of "reasonable notice" under section 9714; consequently, Hudson's first claim fails. *See Taylor*, *supra* at 667.

In his second argument, Hudson claims his mandatory sentences are illegal because his prior first-degree robbery conviction does not qualify as a crime of violence as defined by section 9714(g).

Section 9714(g), in relevant part, reads as follows:

**(g) Definition.--**As used in this section, the term "crime of violence" means . . . robbery as defined in 18 Pa.C.S.[A.] § 3701(a)(1)(i), (ii) or (iii) . . . or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense *or an equivalent crime in another jurisdiction*.

42 Pa.C.S.A. § 9714(g) (emphasis added).

To determine whether a crime in another state is equivalent to a Pennsylvania offense, a court must consider "the elements of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, and the requirements for culpability." *Commonwealth v. Northrip*,

985 A.2d 734, 740 (Pa. 2009) (citation omitted). Additionally, a court shall consider the "underlying public policy behind the two criminal statutes." *Commonwealth v. Ward*, 856 A.2d 1273, 1277 (Pa. Super. 2004). We note "the offenses do not identically have to mirror each other[,] but must be substantially equivalent to invoke operation of 42 Pa.C.S.[A.] § 9714." *Id.*

Under New Jersey law, "[a] person is guilty of robbery if, in the course of committing a theft, he . . . [t]hreatens another with or purposefully puts him in fear of immediate bodily injury[.]" N.J.S.A. § 2C:15-1(a)(2). Moreover, robbery is graded as a crime of the first degree in New Jersey, "if in the course of committing the theft, the actor attempted to kill anyone, or purposefully inflicts or attempts to inflict serious bodily injury, or is armed with, or uses or threatens the immediate use of a deadly weapon." N.J.S.A. § 2C:15-1(b). Under the relevant Pennsylvania statute, "[a] person is guilty of robbery, if in the course of committing a theft, he . . . threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" 18 Pa.C.S.A. § 3701(a)(ii). Both crimes carry maximum penalties of twenty years' imprisonment. *See* 18 Pa.C.S.A. § 1103; *see also* N.J.S.A. § 2C:43-6.

This Court recently found New Jersey's definition of first-degree robbery serves as a crime of violence under section 9714, equivalent to Pennsylvania's definitions of robbery in subsections 3701(a)(1)(i), (ii), and (iii). *Commonwealth v. Rose*, 172 A.3d 1121, 1132–33 (Pa. Super. 2017). This

decision rested on the fact that the New Jersey and Pennsylvania statutes "include nearly identical elements and grading for *robbery offenses of the first degree*. . . . Additionally, the statutes are aimed at preventing the same criminal activity, indicating that the public policy rationale for both statutes is identical." **Id.** (emphasis added).

The difference between the New Jersey and Pennsylvania statutes, upon which Hudson focuses, is that the New Jersey statute punishes placing another in fear of immediate bodily injury, whereas the Pennsylvania statute requires placing another in fear of immediate **serious** bodily injury. **See** Brief of Appellant, at 19. Hudson, however, ignores the fact that he was convicted of first-degree robbery in New Jersey. Commonwealth Exhibit 1, at 1. This is a conviction he could have received only if he attempted "to kill anyone, or purposefully inflict[ed] or attempt[ed] to inflict serious bodily injury, or [was] armed with, or use[d] or threaten[ed] the immediate use of a deadly weapon." N.J.S.A. § 2C:15-1(b). Taken in light of the full context of his previous conviction, we find no reason to deviate from our decision in **Rose**. **See Rose**, **supra** at 1132–33; **see also Northrip**, **supra** at 740 ("[Section 9714] neither directs nor requires the court to consider *every possible set of circumstances* in order to determine whether the mandatory sentence applies."). Consequently, Hudson's second claim fails.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/24/19