REPUBLICAN COLLEGE COUNCIL OF PENNSYLVANIA, et al., Plaintiffs, on Behalf of themselves and all others similarly situated,

v.

Edwin WINNER, Chairman, Pennsylvania Liquor Control Board

and

Joseph O'Neill, Philadelphia Police Commissioner, Defendants, on Behalf of themselves and all others similarly situated.

Civ. A. No. 72–1816.

United States District Court,
E. D. Pennsylvania.

April 11, 1973.

Joseph A. Prim, Jr., Philadelphia, Pa., for plaintiffs.

Alexander Jaffurs, Harrisburg, Pa., Murray Goldman, Philadelphia, Pa., for City of Philadelphia.

Before VAN DUSEN, Circuit Judge, and BECKER and DITTER, District Judges.

SUR MOTIONS TO DISMISS

VAN DUSEN, Circuit Judge.

This three-judge district court has been convened pursuant to 28 U.S.C. § 2281 (1970) to consider the constitution-

ality of those Pennsylvania statutes[1] which deny to persons aged 18, 19, and 20 (as well as to all other minors) access to alcoholic beverages. The individual plaintiffs are Pennsylvania citizens between 18 and 21; the Republican College Council of Pennsylvania is an unincorporated association whose membership includes many more such persons.[2] Defendants are the Chairman of the Pennsylvania Liquor Control Board and the Philadelphia Police Commissioner.[3] Plaintiffs bring this action under 42 U.S.C. § 1983 (1970), claiming in their complaint that these Pennsylvania statutes deny them equal protection and infringe their freedom of association and right of privacy. Plaintiffs seek a declaratory judgment that these statutes are in violation of the Fourteenth Amendment and of the laws of the United States and an injunction against their enforcement. At a hearing held on defendants' motions to dismiss, plaintiffs also argued that these statutes restricted the right of their parents to direct their education. Taking all the averments of the complaint as true, this court has concluded that defendants' motions to dismiss must be granted.

■ The threshold question raised by plaintiffs' equal protection claim is the standard of scrutiny which this court should apply to Pennsylvania's scheme of liquor regulation. If the scheme affected a fundamental right or employed a suspect classification, then strict scrutiny would be appropriate. However, this court is convinced that neither a fundamental right nor a suspect classification is involved here.

■ What rights are "fundamental" was discussed at length in the recent case of San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 35 L.Ed.2d 16 (1973). "[T]he answer lies in assessing whether there is a right . . . explicitly or implicitly guaranteed by the Constitution." Id. at 33, 93 S.Ct. at 1297. The Court there held that education was not such a right. This was consistent with its earlier holdings that adequate housing, Lindsey v. Normet, 405 U.S. 56, 73–74, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972), and public welfare, Dandridge v. Williams, 397 U.S. 471, 484–487, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970), were not fundamental rights. Surely there is no right to drink alcohol, for access to alcohol is not only not explicitly or implicitly guaranteed, it is also explicitly limited by the Twenty-first Amendment. California v. LaRue, 409 U.S. 109, 114, 93 S.Ct. 390, 395, 34 L.Ed.2d 342 (1972) ("the broad sweep of the Twenty-first Amendment has been recognized as conferring something more than the normal

1. Pa.Stat.Ann. tit. 18, §§ 4675, 4675.1, 4676, 4677; Pa.Stat.Ann. tit. 47, §§ 4-493(1), (14), 4-495. For example, § 4675.1 provides in part:

"(a) It shall be unlawful for a person less than twenty-one years of age to attempt to purchase, to purchase, consume, possess or to transport any alcohol, liquor or malt or brewed beverages within the Commonwealth.

"(b) Any person violating the provisions of this section shall, upon conviction in a summary proceeding, be sentenced to pay a fine of not less than twenty-five dollars ($25) nor more than one hundred dollars ($100) and costs of prosecution, or undergo imprisonment for a term not exceeding thirty (30) days, or both."

Similarly, § 4-493(1) makes it unlawful:

"For any licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given . . . . to any minor . . . ."

We note that tit. 18, §§ 4675 and 4676 are distinguishable from the other statutes in that they do not directly prohibit the distribution of alcohol to minors; rather, they prohibit the misrepresentation of a minor's age for the purpose of obtaining alcohol by or for the minor.

2. Plaintiffs seek to represent the class of all Pennsylvania citizens aged 18, 19, and 20.

3. Because of the disposition of this case, it is unnecessary to consider Police Commissioner O'Neill's contention that he is an improper party (see paragraph 2 of Motion to Dismiss filed on his behalf).

state authority over public health, welfare, and morals").

■ There unfortunately is much less guidance as to whether age is a suspect classification.[4] For the proposition that age is suspect, the plaintiffs cite In re Brown, 439 F.2d 47 (3d Cir. 1971), which held that it was a denial of equal protection for juveniles to be able to appeal only when specially allowed by the appellate court, whereas adults could appeal by right. *Brown*, however, is distinguishable from the present situation. In *Brown* the due process overtones were substantial, see 439 F.2d at 51–52. Furthermore, the court in *Brown* found that the differentiation between juveniles and adults served no rational purpose. See *id.* at 52–53. Consequently, the court did not have to deal with the standard of scrutiny, for such a finding is dispositive under both strict and traditional scrutiny.

The case we find most closely in point is Oregon v. Mitchell, 400 U.S. 112, 91 S.Ct. 260, 27 L.Ed.2d 272 (1970), where a majority of the Court refused to uphold the congressional determination that the ineligibility of 18, 19, and 20-year olds to vote in state elections denied them equal protection. At least three members of the majority specifically rejected the notion that age was a suspect classification. See *id.* at 293–296 & n. 14, 91 S.Ct. 260 (Stewart, J., joined by Burger, C. J., and Blackmun, J.).[5] The Justices who would have upheld the congressional determination did not explicitly conclude that age was a suspect classification; rather, they relied on the fundamentality of the right to vote. See *id.* at 138–144, 91 S.Ct. 260 (Douglas, J.); *id.* at 241–246, 278–281, 91 S.Ct. 260 (Brennan, White and Marshall, JJ.). In fact, Justice Douglas stated that as to matters such as executing contracts, driving automobiles, and marrying, "the States, of course, have leeway to raise or lower the age requirements." *Id.* at 142, 91 S.Ct. at 274.

In short, Oregon v. Mitchell persuades this court that age is not a suspect classification. This conclusion is strengthened, in the present context at least, by the following factors: 18, 19 and 20-year olds now have the right to vote in Pennsylvania; while they are absolutely denied access to alcohol, this denial will last only until their 21st birthday; and, at the youth end of the age spectrum, there is some relation between age and mental capacity.

This is not to say that the Pennsylvania system of liquor regulation is free from all scrutiny.[6] It "must still be examined to determine whether it rationally furthers some legitimate, articulated state purpose and therefore does not constitute an individuous discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment." San Antonio Independent School District v. Rodriguez, *supra*, 411 U.S. at 17, 93 S.Ct. at 1288. This standard is not

4. In San Antonio Independent School District, *supra*, the Court held that a classification was not suspect because the deprivation of various persons was relative and not absolute and because there was an absence of evidence of a definable category of persons discriminated against. 411 U.S. 1, 93 S.Ct. 1278. Here, of course, the category is definable: persons under 21 are forbidden access to alcohol, and persons over 21 have virtually unlimited access to it. However, that it is definable does not automatically render it suspect. In *San Antonio*, definability was relevant because the deprived class might have coincided with the class of the indigent, and classifications based on wealth have been found to be suspect.

*See, e. g.*, Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

We note that while the deprivation involved here is absolute, for members of plaintiffs' class, it can last only up to three more years.

5. *Cf.* 400 U.S. at 126–130, 91 S.Ct. 260 (Black, J.); *id.* at 205–207, 91 S.Ct. 260 (Harlan, J.).

6. This is so despite the sweep of the Twenty-first Amendment. *See* California v. LaRue, *supra*, 409 U.S. 109 at 119, at 93 S.Ct. at 397; id. at 120, 93 S.Ct. at 398 & n. * (Stewart, J., concurring).

without effect. *See* James v. Strange, 407 U.S. 128, 92 S.Ct. 2027, 32 L.Ed.2d 600 (1972); Gunther, The Supreme Court, 1971 Term—Foreword: In Search of Evolving Doctrine on a Changing Court: A Model for a Newer Equal Protection, 86 Harv.L.Rev. 1 (1972).

At the hearing on their motions to dismiss, defendants argued, quite plausibly, that there are purposes for not allowing minors any access to alcohol. Principal among these are promoting non-consumption for its own sake, developing in minors a pattern of non-consumption which will lessen the chance of excessive drinking when they are adults, and postponing experimentation with alcohol until after the acquiring of several years' experience driving automobiles. Plaintiffs, however, contend that prohibition seems inconsistent with the recent legislative determination that 18, 19 and 20-year olds are competent to perform such responsible and demanding tasks as, *inter alia,* being jurors, fiduciaries, policemen, school directors, pilots, and as marrying without parental consent, entering into contracts, and writing wills. They further question how a person is, upon turning 21, with no additional education regarding alcohol, more capable of using it wisely. In addition, they cite authorities of the view that the goals of encouraging responsible drinking habits and discouraging driving under the influence are far better served by setting the drinking age at 18.[7]

■ While this court perceives considerable room for debate on the merits of Pennsylvania's approach, it has concluded that the allegations of plaintiffs' complaint and the material of which this court may take judicial notice do not overcome the presumption that the legislature has acted within its constitutional powers in enacting the above Pennsylvania statutes, which deny minors access to alcohol, even though some inequality is involved. *See* McGowan v. Maryland, 366 U.S. 420, 425–426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961).[8] As the National Committee on Marihuana and Drug Abuse declares in Drug Use in America: Problem in Perspective (1973), at 143, "[a]lcohol dependence is without question the most serious drug problem in this country today." Alcohol is one of the few psychoactive substances with a high reinforcement potential, a demonstrated prevalence of chronic use, and high potential for disruption or impairment of social functioning accompanying a single dose, accompanying chronic administration, and accompanying interruption of chronic administration. See *id.* at 116. As well as being "a contributing factor in a major fraction of all traffic accidents and fatalities," *id.* at 184, alcohol may have a substantial deleterious effect on family life, *id.* at 196, and economic functioning, *id.* at 191. The Commission notes also that educational campaigns against alcohol have been largely ineffective. *Id.* at 25. Given this serious situation, Pennsylvania could reasonably conclude that it is worthwhile to enforce a 21-year old drinking age.[9] *See* California v. LaRue,

---

7. T. Plaut, Alcohol Problems: A Report to the Nation by the Cooperative Commission on the Study of Alcoholism, 148–52 (1967); Sterne, Pittman & Coe, Teen-Agers, Drinking, and the Law: A Study of Arrest Trends for Alcohol-Related Offenses in Alcoholism, 55 (D. Pittman ed. 1967).

8. In this case the Court said:
   ". . . the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it."

9. The failure of the Commission to recommend total prohibition for all persons was based on the appraisal that such a course would be unrealistic. See Report

*supra*, 409 U.S. at 116, 93 S.Ct. at 396 ("[W]ide latitude as to choice of means to accomplish a permissible end must be accorded to the state agency which is itself the repository of the State's power under the Twenty-first Amendment.")

■ Plaintiffs' claim that the Pennsylvania laws violate their own right of privacy, which, while not frivolous, may be disposed of quickly. Access to alcohol is not guaranteed under the concept of personal privacy for the same reason that it is not a fundamental right for equal protection analysis. *See* Roe v. Wade, 410 U.S. 113, 152, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). Their claim that these laws impermissibly interfere with the ability of their parents to control their education has a stronger constitutional footing. *See id.;* Wisconsin v. Yoder, 406 U.S. 205, 213–214, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); Ginsberg v. New York, 390 U.S. 629, 639, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968); Prince v. Massachusetts, 321 U.S. 158, 166, 64 S.Ct. 438, 88 L.Ed. 645 (1944). It is especially troubling because of the strong possibility that parental guidance is the best means of inculcating good drinking habits. However, this court cannot ignore the argument of the defendants that drinking inside the home can have a considerable effect on events outside, due to the opportunity for minors to drink and drive. At times, even the rights of parents must yield to state regulation. *See* Prince v. Massachusetts, *supra*.

■ Plaintiffs' claim that their freedom of association is restricted is insubstantial.[10]

at 225. Pennsylvania could conclude otherwise because of its control over the state-owned retail liquor stores and because of popular acceptance of prohibition for minors.

It should be noted that enforcement does not have to be 100% effective to be worthwhile. Posting speed limits does not deter many, if not most, drivers from going over the limit; but few care to go very far over the limit.

Counsel shall submit an order dismissing the action in accordance with the foregoing opinion within twenty (20) days.

10. Although not stated explicitly, it can perhaps be inferred from the complaint that the members of the Republican College Council might, for example, attend meetings more regularly if liquor were served. Even were this so, it hardly is a sufficient justification for invalidating the 21-year old drinking age.