**Age Requirements for Architect's License**

PACKEL, Attorney General, December 31, 1973.— From time to time we have had questions as to the validity of age requirements for licensure of the various professional licensing boards under your jurisdiction. The most serious issue has been caused by several of the licensing acts which impose a 25-year age precondition for licensure. We have invariably declined to hold age requirements unenforceable and have, in fact, defended them because we are not convinced that they are clearly unconstitutional. See Opinion No. 114 of 1972, 2 Pa. B. 635, 55 D. & C. 2d 491 (1972); Republican College Council of Penna. v. Winner, 357 F. Supp. 739 (E. D. Pa., 1973).

However, based on our review of the law, we have concluded that section 7(a), of the Architect's Law of June 27, 1939, P.L. 1188, 63 PS §22(a), has been superseded. It is, therefore, our opinion, and you are hereby advised, that any person meeting the other requirements of that act for licensure who is 20 years of age or older may be licensed.

Our basis for this conclusion is the Act of May 26, 1943, P.L. 607, as amended by the Act of May 2, 1949, P.L. 866, 71 PS §1028. The act provides:

"Notwithstanding the provisions of any other law, any departmental administrative board within the Department of Public Instruction authorized to administer examinations for licensure or registration to practice a profession, except the professions of medicine, dentistry, osteopathy, and optometry, may admit to examination and authorize the issuance of a license or registration to an applicant who is less than twenty-one years of age but not less than twenty years of age, and who is a citizen of the United States."

At the time the Act of May 26, 1943, was passed, the State Board of Examiners of Architects was a departmental administrative board within the Department of Public Instruction under section 202 of the Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §62. Accordingly, that act governs architecture and allows licensure of anyone 20-years of age or over. While the act uses the word "may" rather than "shall," we believe, under the circumstances, that admission to examination is mandatory, not discretionary, because there is no reasonable basis on which discretion could be applied and any other construction would cause the statute to be unconstitutional as a naked delegation of authority: Seligsohn Appeal, 401 Pa. 270, 274-275 (1963); Hotel Casey Co. v. Ross, 343 Pa. 573, 578-580 (1942); Lansdowne Bank and Trust Company's Case, 323 Pa. 380, 385 (1936); McMullin v. Commonwealth (1918); Vanderwart v. Department of Civil Service, 19 N. J. 341, 117 A. 2d 5 (1955); Statutory Construction Act of December 6, 1972, sec. 1922 (No. 290), 1 Pa. S. §1922.

We have not applied this act to the registration of professional engineers or landscape architects for the reason that the acts imposing the 25-year age requirements for those professions were either passed or amended after 1949. Professional Engineers Registration Law of May 23, 1945, P.L. 913, sec. 4, as amended by the Act of November 24, 1967, P.L. 548, 63 PS §151(b); Landscape Architects' Registration Law of January 24, 1966, P.L. 1527, sec. 6(b), 63 PS §907(b). Accordingly, insofar as they either instituted or reenacted a 25-year age requirement, that requirement would be in effect.

We suggest that you make this opinion known to all the boards under your jurisdiction. There are un-

doubtedly boards which were administrative departmental boards in the Department of Public Instruction in 1943, the age requirements for which have not been changed since that time and, therefore, would properly be aged 20. We will be happy to review any specific questions that any of the boards may have in this respect.