REQUESTED BY: Dear Senator DeCamp:
You have called to our attention Legislative Bill 221 which as presently constituted would have the effect of raising the lawful drinking age from 19 to 21 years of age.
You raise a question as to this measure's constitutionality in light of the fact that persons 19 and 20 years of age are by statute afforded other inherent rights of majority but would not under the provisions of this act be permitted to purchase alcoholic liquors.
We are of the opinion that the fact that Legislative Bill 221 would cause persons 19 and 20 years of age to be treated as adults in some instances and as minors with respect to alcoholic liquor would not render this measure unconstitutional. A three judge panel of federal district court judges had occasion to consider this precise question in 1973 in the case of Republican College Council ofPennsylvania, et al., v. Winner, 357 F. Supp. 739. This was an action challenging the constitutionality of a Pennsylvania statute which denied to persons under 21 years of age access to alcoholic beverages.
The court there found that no person regardless of his age has a fundamental right to access to alcohol. The court went on to find that since this statute did not affect a fundamental right and since age alone was not a suspect classification, distinctions drawn with respect to age and access to alcohol were not unconstitutional simply because they applied to different classes of persons differently.
The court there concluded that the act would be constitutional if it were an exercise of the state's legitimate police power and promoted some legitimate state purpose so as to not amount to invidious discrimination. The court without taking a position upon the propriety of such a finding found that there could be a rational basis of denying access to alcohol to persons under 21 years of age. Therefore the court in this case concluded that the Pennsylvania statute was constitutional in all respects.
We are confident that Legislative Bill 221, if it becomes law, would be review in a similar light by a court of competent jurisdiction in Nebraska. If we can be of further assistance to you in this regard, please let us know.