Allen T. GABREE et al., Plaintiffs, Appellants,

v.

Edward J. KING et al., Defendants, Appellees.

No. 79–1363.

United States Court of Appeals, First Circuit.

Submitted Dec. 7, 1977.

Decided Jan. 15, 1980.

John Cavicchi, Boston, Mass., on brief for appellants.

Francis X. Bellotti, Atty. Gen., and Thomas Miller, Asst. Atty. Gen., Boston, Mass., on brief for appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

Plaintiff-appellant is a nineteen year old citizen of Massachusetts. Giving his rather inartfully drafted complaint a liberal reading, we understand that he wants to purchase and imbibe alcoholic beverages. This desire is frustrated, however, by a recent Massachusetts statute establishing criminal penalties for the purchase of alcoholic beverages by persons under age twenty. St. 1979, c. 15, § 7, *amending* Mass.Gen.Laws c. 138, § 34A. The district court dismissed appellant's constitutional challenge to the Massachusetts statute and we affirm.[1]

The only substantial issue raised by appellant is his claim that the fourteenth amendment's guarantee of "equal protection of the laws" bars Massachusetts from drawing the line for the legal "drinking age" at twenty.

In order to warrant searching "equal protection" scrutiny of the age classification drawn here, appellant must establish that it "burdens a suspect group or a fundamental interest." *Vance v. Bradley,* 440 U.S. 93, 96–97, 99 S.Ct. 939, 943, 59 L.Ed.2d 171, 175–176 (1979). It is not and cannot be seriously argued that there exists a fundamental interest in drinking alcoholic beverages, *Felix v. Milliken,* 463 F.Supp. 1360, 1371–72 (E.D.Mich.1978), so appellant must

---

1. The district court also refused to certify the case as a class action, an issue not before us.

establish that nineteen year olds form a "suspect group."

■ The Supreme Court, in determining that the forced retirement of a state policeman solely for having reached age fifty did not violate the Equal Protection Clause, stated:

"a suspect class is one 'saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process.'" *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 313, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520, 525 (1976), *quoting San Antonio Independent School District v. Rodriquez,* 411 U.S. 1, 28, 93 S.Ct. 1278, 1293–1294, 36 L.Ed.2d 16, 39–40 (1973).

The Court further suggested that a suspect class needing "extraordinary protection" must be a "'discrete and insular' group." It found the elderly were not such a group, since old age "marks a stage that each of us will reach if we live out our normal span." *Murgia, supra,* 427 U.S. at 313–14, 96 S.Ct. at 2567, 49 L.Ed.2d at 525, *quoting United States v. Carolene Products Co.,* 304 U.S. 144, 152–53 n.4, 58 S.Ct. 778, 783–784, 82 L.Ed.1234, 1241–1242 (1938). *See also Graham v. Richardson,* 403 U.S. 365, 372, 91 S.Ct. 1848, 1852, 29 L.Ed.2d 534, 541–542 (1971). By the same token, age nineteen is a milestone which all must pass on the way to full majority. We recognize that eighteen to twenty-one year olds have historically been denied full rights of adulthood while shouldering such burdens of citizenship as military service. However, such disparities do not amount to being "saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness,"[2] *Murgia, supra,* 427 U.S. at 313, 96 S.Ct. at 2566–2567, 49 L.Ed.2d at 524–

525, as to justify searching judicial scrutiny. *Cf. Stanton v. Stanton,* 429 U.S. 501, 504 n.4, 97 S.Ct. 717, 719, 50 L.Ed.2d 723, 726 (1977) (state may establish age of majority for child support purposes anywhere between eighteen and twenty-one). Since no suspect category is involved,[3] the statute presently challenged is "valid if it is 'rationally related to furthering a legitimate state interest.'" *Vance v. Bradley, supra,* 440 U.S. at 97, 99 S.Ct. at 943, 59 L.Ed.2d at 176, *quoting Murgia, supra,* 427 U.S. at 312, 96 S.Ct. at 2566, 49 L.Ed.2d at 524.

That Massachusetts has a legitimate interest in controlling alcohol use and abuse among adults and minors is beyond dispute. *See Olitsky v. O'Malley,* 597 F.2d 295, 302 (1st Cir. 1979). The record in this case contains citations to a recent United States Department of H. E. W. study which shows increasing alcohol use and abuse among high school students. If only aimed at reducing the opportunity of high school students to obtain liquor, the statute here is rationally based and constitutionally unassailable. In view of this rational basis, we need not explore or discuss alternative justifications for the twenty year old "drinking age," e. g., reduction of highway accidents among young people.

■ We conclude that Massachusetts' raised "drinking age" does not offend principles of equal protection. *See Republican College Council v. Winner,* 357 F.Supp. 739 (E.D.Pa.1973); *Houser v. State,* 85 Wash.2d 803, 540 P.2d 412 (1975).

We see no injustice or serious deprivation in appellant waiting until he is twenty to start using alcoholic beverages. Indeed, the experience of age suggests, to paraphrase George Bernard Shaw, that the use of alcoholic beverages by the young is a waste.

*Affirmed.*

---

2. As the district court noted in the present case, persons eighteen years of age and older may vote. U.S.Const. Amend. 26.

3. *Accord, Republican College Council v. Winner,* 357 F.Supp. 739, 741 (E.D.Pa.1973). We reject as without merit appellant's argument that the eighteen to twenty-one year old group was rendered a "suspect" category for equal protection purposes by passage of the twenty-sixth amendment.