**Martin BENAVIDEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–385–CR.**

Court of Appeals of Texas,
Corpus Christi.

April 14, 1983.

Discretionary Review Refused
Oct. 5, 1983.

J. Manuel Banales, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

Martin Benavidez entered pleas of guilty to three counts of aggravated robbery. A jury assessed his punishment at imprisonment for ten years. The appellant alleges in four grounds of error that the trial court committed errors which entitle him to a reversal. We affirm.

The appellant was charged with the commission of aggravated robberies on three consecutive days. He chose a new victim each day. The State indicted him for all three offenses in the same instrument. He did not request a severance at the trial level. The appellant now complains that the State should not have charged him with all of the crimes in a single indictment. He refers to Tex.Penal Code Ann. § 3.02 (Vernon 1974) which permits the State to charge offenses arising from the same criminal episode in the same indictment. Tex.Penal Code Ann. § 3.01 (Vernon 1974) defines "criminal episode" as the repeated commission of any one offense contained in Title 7 of the Penal Code. Aggravated robbery falls within Title 7. See Tex.Penal Code Ann. § 29.03 (Vernon

1974). Thus, the State was entitled to charge the appellant with the repeated commission of aggravated robbery in a single indictment.

Benavidez argues that to charge in the same instrument, it was necessary that all offenses take place as a single event. In support of this view, he uses a dictionary definition of the term "episode". The cardinal rule of statutory interpretation is to ascertain legislative intent. *Faulk v. State,* 608 S.W.2d 625, 631 (Tex.Cr.App.1980). In this case, we need look no further than the statute itself to determine the meaning of "criminal episode." It is not the same as the dictionary definition. The proper definition clearly permitted the State to charge the three offenses in the same indictment.

■ The appellant also claims that it was necessary for the State to include the term "criminal episode" in the indictment. He provides no support or reason for this requirement. We do not agree that it was necessary to allege that all of the offenses occurred in the same criminal episode. The third ground of error is overruled.

■ In the fourth ground, appellant claims that the trial court erred in instructing the jury to find him guilty on the third count because the evidence was insufficient to sustain a conviction. The State presented evidence on all the offenses, but did not elicit testimony from the third victim that he was in fear of his life. The difficulty with the appellant's argument is that the State was not putting on evidence to establish his guilt. At that point the introduction of testimony and evidence by the State was simply for the jury's benefit in assessing punishment. The existence of all the facts necessary to establish guilt was admitted by the plea of guilty. *Turnipseed v. State,* 609 S.W.2d 798, 801 (Tex.Cr.App. 1980). The fourth ground of error is overruled.

We now turn to the first two grounds of error which present the argument that trying the appellant as an adult without holding a certification hearing deprived him of equal protection and due process of law.

While this issue was decided in *McLaren v. State,* 82 Tex.Cr.R. 449, 199 S.W. 811, 812 (1917), we deem it appropriate to review it again in light of modern case law.

In Texas, the legislature has allocated jurisdiction to the juvenile court over persons from the ages of ten to seventeen years who have engaged in unlawful conduct. Tex.Family Code Ann. § 51.02 (Vernon 1975). But, after conducting a hearing in which the maturity of the child, the nature of the crime and the needs of the community are considered, the juvenile court may waive the exclusive jurisdiction as to children who were fifteen or sixteen years old when they committed the offense. Tex.Fam.Code Ann. § 54.02 (Vernon 1975). At the time of the offense, and at the time of trial, the appellant here was seventeen years old. The appellant contends that because he lacks the rights of an adult, such as the right to vote, he is entitled to the same protection as other juveniles including the right to a certification hearing.

■ We believe that the appellant's argument is essentially that he and other seventeen year olds are discriminated against by the statutory classification which mandates their trial as adults. This is an Equal Protection claim. In such cases, we must first decide whether to apply the "strict scrutiny" or the "rational basis" test. When a classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class, we must subject it to strict scrutiny and require a compelling state interest to sustain its validity. *Parham v. Hughes,* 441 U.S. 347, 351, 99 S.Ct. 1742, 1745, 60 L.Ed.2d 269 (1979); *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 312–13, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520 (1976); *Roe v. Wade,* 410 U.S. 113, 155, 93 S.Ct. 705, 727, 35 L.Ed.2d 147 (1973). Thus, we must first determine whether seventeen year olds are a suspect class or whether minors have a fundamental right to treatment under the juvenile justice system.

It is well settled that age alone does not establish a suspect class because it does not

define a "discrete and insular group" in need of "extraordinary protection from the majoritarian political process." *Massachusetts Board of Retirement v. Murgia,* supra, 427 U.S. at 313, 96 S.Ct. at 2566 (quoting *United States v. Carolene Products Co.,* 304 U.S. 144, 152–53, n. 4, 58 S.Ct. 778, 783–84, n. 4, 82 L.Ed.2d 1234 (1938). While the Supreme Court dealt with old age, the First Circuit used the same reasoning in determining that nineteen year olds do not constitute a suspect class:

"... age nineteen is a milestone which all must pass on the way to full majority. We recognize that eighteen to twenty-one year olds have historically been denied full rights of adulthood while shouldering such burdens of citizenship as military service. However, such disparities do not amount to being 'saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness.'" *Murgia,* supra, 427 U.S. at 313, 96 S.Ct. at 2566–2567, 49 L.Ed.2d at 524–525, as to justify searching judicial scrutiny. *Gabree v. King,* 614 F.2d 1, 2 (1st Cir.1980).

■ Applying the rationale of *Murgia* and *Gabree* to the case at bar, we hold that seventeen year olds do not constitute a suspect class.

Next, we turn to the issue of the existence of a fundamental right to treatment as a juvenile. In *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), the court decided that in certifying a juvenile to be tried as an adult, a trial court must observe procedural due process. In that decision, the Supreme Court noted that the certification process answered the "critically important" issue of whether to accord the child the special protections and provisions of the juvenile justice system. *Kent,* supra, at 553, 86 S.Ct. at 1053. Among these special protections, the court listed the provisions shielding a child from publicity, preventing his detention with adults and limiting that detention to the age of majority. The court also noted that unlike a

criminal conviction, an adjudication of delinquency does not entail a loss of civil rights and may not be used against the child in subsequent proceedings. *Kent,* supra, at 556–57, 86 S.Ct. at 1054.[1]

■ In a later case, the court noted that juveniles may be treated more harshly than their adult counterparts. *In Re Gault,* 387 U.S. 1, 29, 87 S.Ct. 1428, 1444, 18 L.Ed.2d 527 (1967). Therefore, the "right" to treatment as a juvenile involves disadvantages as well as benefits. The *Kent* opinion spoke of the right to treatment as a juvenile, but did not declare this to be a fundamental right. In deciding the constitutionality of a Florida statute which mandates criminal prosecution of juveniles indicted for offenses punishable by death or life imprisonment, the Fifth Circuit decided that there is no fundamental right to treatment as a juvenile. *Woodard v. Wainwright,* 556 F.2d 781, 785 (5th Cir.1977), *cert. denied* 434 U.S. 1088, 98 S.Ct. 1285, 55 L.Ed.2d 794 (1978). The Court reasoned that a child's right to treatment as a juvenile is statutory rather than inherent, and that there is no "brutal need" for such treatment which would require a due process hearing in order to terminate it. *Id.* The Court upheld the statute's provision divesting the juvenile court of jurisdiction over juveniles indicted for the enumerated offenses without a certification hearing. *Woodard,* supra, at 787. The *Woodard* decision requires us to hold that there was no fundamental right to treatment as a juvenile in the case before us.

■ Since we have found no suspect class or fundamental right, we will sustain the classification if we can find that it is rationally related to the achievement of a legitimate state purpose. *Western and Southern Life Insurance Company v. State Board of Equalization of California,* 451 U.S. 648, 101 S.Ct. 2070, 2073, 68 L.Ed.2d 514 (1981). Although the Texas statutes remain silent about the legislature's reason for providing that seventeen year olds must be prosecuted as adults, we may look to the standards for

---

1. See Tex.Fam.Code Ann. §§ 51.12–51.16 for   the parallel provisions of Texas law.

the waiver of juvenile court jurisdiction to determine their intent. See Tex.Fam.Code § 54.02 (Vernon 1975). Among those standards are the sophistication and maturity of the child, the prospects of an adequate protection of the public and the likelihood of rehabilitation of the child by use of procedures, services and facilities currently available to the juvenile court. These standards are directly related to the age of the child. We believe that the decision to subject seventeen year olds to criminal prosecution, made to protect the public from criminal behavior, clearly bears a rational relationship to the achievement of a legitimate state purpose.

We find no violation of the Equal Protection Clause in the Texas statutory scheme which mandates the trial of seventeen year old persons as adults. Grounds one and two are overruled.

The judgment of the trial court is affirmed.