### Commonwealth v. Hefner

*Douglas M. Johnson,* for defendant.

BIESTER, Jr., *J.,* February 13, 1990 — This is a license suspension appeal case in which defendant's driving privileges were suspended for a one-year period pursuant to 18 Pa.C.S. §6310.4 because he was convicted of violating 18 Pa.C.S. §6308 for a second time.* Defendant now contends that the penalties imposed by section 6310.4 are unconstitutional on their face and as applied to defendant individually. Defendant sets forth three arguments as to why this statute is unconstitutional: (1) Said statute violates the Equal Protection Clause by discriminating against petitioner because of his age; (2) There is no rational relationship between the penalties imposed by said section and the harm sought to be avoided; and, (3) The provisions of said section violate the due process clause in that the penalty imposed bears no relation to the offense committed. In particular, defendant contends that the legislature has no rational basis for imposing a motor vehicle license suspension when the underage drinking violation is wholly unrelated on its face to

---

* Title 18 Pa.C.S. §6308 states that "a person commits a *summary offense* if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses . . . any liquor or malt or brewed beverages. . ." Moreover, 18 Pa.C.S. §6308(b) states that a penalty pursuant to 18 Pa.C.S. §6310.4 will be imposed for a violation of the aforementioned section.

the operation of a motor vehicle. However, we disagree with defendant's argument, and we now enter this order denying his appeal.

The facts in the instant case demonstrate that defendant was issued a citation for underage drinking based upon his involvement in a physical altercation which took place at a local pizza parlor. Since this was defendant's second violation of section 6308, he received notification that his license was being suspended for a one-year period in accordance with section 6310.4(b)(2).

In addressing defendant's equal protection argument and due process claim, we must initially stress that the United States Supreme Court has not held that a classification based upon age is a suspect classification warranting review under the strict scrutiny test. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed. 2d 520 (1976). Moreover, defendant has failed to cite to any precedent which establishes that driving is a fundamental right requiring review under the strict scrutiny test. Clearly, defendant is misguided in relying upon *Lyles v. City of Philadelphia,* 88 Pa. Commw. 509, 490 A.2d 939 (1985), and *Craig v. Boren,* 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed. 2d 397 (1976), to support his proposition that "age, while not a suspect classification, has been recognized as a sensitive classification and therefore, requires an intermediate or heightened standard of review." In both *Boren* and *Lyles,* the Supreme Court only established that gender and commercial speech classifications warrant an intermediate standard of review. In fact the Supreme Court in *Murgia, supra,* clearly established that the proper test to be applied in the instant case is the rational basis test.

We turn then to examine this classification under the rational basis standard. "This inquiry employs a

relatively relaxed standard reflecting the court's awareness that the drawing of lines that creates distinctions is peculiarly a legislative task and an unavoidable one. Perfection in making the necessary classifications is neither possible nor necessary. Such action by a legislature is presumed to be valid." *Murgia, supra,* 427 U.S. at 307, 96 S.Ct. at 2562. (citations omitted) The rational basis test employs only *minimal scrutiny* which upholds classifications unless they are patently arbitrary and lack any rational relationship to a legitimate government interest. *Robinson v. Penn Hills School District,* 63 Pa. Commw. 250, 437 A.2d 1273 (1981). The burden is upon the petitioner to prove that the state's classification or infringement on a right (which is not fundamental) has no rational relationship to a legitimate government interest. *Lyles, supra,* 88 Pa. Commw. at 512, 490 A.2d at 939.

Moreover, we find the state's classification (i.e., status as a minor) in the subject statute may be found by the legislature to serve a legitimate government interest. The Commonwealth has a legitimate interest in controlling alcohol use and abuse among minors. *Gabree v. King,* 614 F.2d 1 (1st Cir., 1980); *Olitsky v. O'Malley,* 597 F.2d 295 (1st Cir., 1979). Moreover, it has been statistically established that "youths aged 17 to 21 were found to be overrepresented among those killed or injured in traffic accidents and that there was a pervasiveness of youthful participation in motor vehicle accidents following the drinking of alcohol." *Craig v. Boren, supra,* 429 U.S. at 199-202, 97 S.Ct. at 458-9. Therefore, since operating a vehicle on state roads is not a fundamental right but a privilege, and preventing operation of vehicles by drivers under the influence promotes public safety, a rational basis may be found between underage drinking and traffic safety.

Accordingly, the legislature could find that the suspension of defendant's driving privileges promotes the Commonwealth's objective of traffic safety by removing drinking minors from our state roads.

Next, defendant argues that the statute as applied to his individual case violates the due process clause because an enhanced grading penalty was imposed upon defendant without notice thereof. Defendant cites *Commonwealth v. Campbell,* 273 Pa. Super. 407, 417 A.2d 712 (1980), to support his proposition that, since defendant's citation for underage drinking failed to note any prior convictions, defendant was not placed on notice that he was subject to an enhanced grading statute. However, *Campbell* is clearly inapposite to the present case and, therefore, requires little discussion. In *Campbell,* the Superior Court merely established that a court may not impose an enlarged sentence under a recidivist statute if the *indictment or bill of information* does not contain allegations of prior convictions. *Campbell, supra,* 273 Pa. Super. at 409, 417 A.2d at 713. Clearly, *Campbell* deals with a penalty imposed within the criminal justice system and not a civil punishment. Moreover, it would be absurd to require a police officer to check a minor's juvenile record every time he must give a citation for underage drinking. Finally, defendant should have addressed his conviction for underage drinking within the criminal appeals process rather than collaterally attacking his license suspension.

Lastly defendant argues that *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed. 2d 169 (1980), applies to the instant case. In *Baldasar,* the Supreme Court held that a prior uncounseled conviction could not be used as a prior conviction for purposes of enhanced grading under a recidivist statute. However, the key legal issue presented in

*Baldasar* is whether defendant will be incarcerated without the benefit of legal counsel. Since section 6310.4 does not impose such a sentence, *Baldasar* does not apply to the instant case. Accordingly, for the aforementioned reasons, defendant's license suspension appeal is hereby denied.

We therefore enter the following

### ORDER

And now, February 13, 1990, the license suspension appeal of the defendant, Michael David Hefner, is hereby denied and dismissed.