Mr. Larry Norris, Director Arkansas Department of Correction P.O. Box 8707 Pine Bluff, Arkansas 71611-8707
Dear Mr. Norris:
This is in response to your request for an opinion on the possibility of the Arkansas Board of Correction and Community Punishment ("the Board") making attendance at the Department's school district mandatory for all offenders twenty-one years of age and younger who have the capability of completing the General Educational Development (G.E.D.) requirements and have not done so. You note that this would have the effect of "early involvement of that portion of the offender population most likely to need and benefit from education." You also note, however, that it would have the effect of establishing a class of individuals out of the inmate population who are required to go to school when other inmates are not, and the Board is concerned about any potential liability exposure due to this fact. The question you pose in this regard is as follows:
 Does requiring one age group to go to school when another age group with the same educational level is not required to go to school place the Arkansas Department of Correction (its Board and staff) in a position of significant liability?
It is my opinion that the answer to this question is in all likelihood "no."
The statutory provisions governing the Arkansas Department of Correction School District are found at A.C.A. §§ 12-29-301 to -310 (Repl. 1995). Section 12-29-301 provides that:
 (a) Properties owned by the State of Arkansas and occupied by the various units of the Department of Correction are by this subchapter designated as a school district to be known as the Department of Correction School District.
 (b) This district is created for the purpose of providing elementary, secondary, and vocational and technical education to all person incarcerated in the Department of Correction facilities who are not high school graduates, irrespective of age.
 (c) The Board of Correction and Community Punishment shall act as the school board of the school district. [Emphasis added.]
Section 12-29-302 of the Arkansas Code gives the Board of Correction and Community Punishment and the State Board of Education the authority to adopt rules and regulations as are necessary to implement the provisions of the subchapter.
It appears from previous federal case law concerning this school district that the district once had a policy of mandatory attendance for all inmates who had not achieved a fourth grade level education. As stated inRutherford v. Hutto, 377 F. Supp. 268 (E.D. Ark. 1974), "[p]articipation in the school program is voluntary for inmates who have attained a fourth grade educational level. Inmates like petitioner, who do not possess the equivalent of a fourth grade education are required to attend classes until they complete what amounts to the fourth grade after which they may withdraw from the program if they do not care to participate further."377 F. Supp. at 271. It is unclear from your correspondence whether this policy of mandatory attendance (which was upheld by the court) is still in effect, or exactly what the current policy is as to mandatory attendance of inmates in the school district. I assume, however, that the Board now wishes to add to the current policy, whatever it may be, to require inmates under the age of twenty-one who have not completed their G.E.D requirements to attend school and work toward that goal if they have that capability. I assume further that inmates over the age of twenty-one who wish to participate in the district's educational program will be allowed to do so, if they are not high school graduates (see § 12-29-301(b)), but will not be required to attend, as will be inmates under the age of twenty-one. I assume that your question does not refer, therefore, to any potential claim by an older inmate that he is not given the opportunity to participate in the educational program to the same extent as younger inmates. It appears, rather, from a reading of your request, that the Board's concern over the liability issue arises from a question as to whether such a policy, which classifies inmates based upon age, and treats different age groups differently for purposes of the educational program, would give rise to an equal protection claim by a young inmate whose school attendance is compelled against his wishes. He would assert that because his attendance is compelled, based solely on the basis of his age, and that the attendance of other inmates over the age of twenty-one is not compelled, he is being denied the equal protection of the law under both federal and state constitutional provisions. This action might be pled as a 42 U.S.C. § 1983 action, under which state officers and employees are entitled to only qualified immunity.
It is my opinion, however, that such an action would fail. It is clear from previous federal case law involving the Department that a42 U.S.C. § 1983 action will not succeed where mandatory attendance in the Department's school district in general is the alleged constitutional violation. See Rutherford v. Hutto, supra (Department's policy requiring inmates who have not achieved fourth grade education to attend the Department's school did not violate inmate's First Amendment rights and did not constitute cruel and unusual punishment under the eighth amendment). See also, Jackson v. McLemore, 523 F.2d 838 (8th Cir. 1975), (mandatory attendance at Department's school district and requirement that inmate participate in class exercises, and disciplinary action taken for failure to comply did not violate inmate's right to be "let alone" or his due process rights). The question you now pose adds an additional element to the facts of these cases. While it is clear that at least some mandatory attendance policies will be upheld by the federal courts, your question adds a possible equal protection claim to the previously adjudicated challenges. In this regard, the court in Rutherford v.Hutto, supra, stated:
 There are, of course, constitutional limits to what a State may do in the name or cause of rehabilitation. The Court does not think that a State may subject a convict to a rehabilitative program or procedure that is dangerous to his life or health, or that makes his overall confinement unduly harsh or rigorous, or that invidiously discriminates against him on an impermissible ground such as religion or race, or that invades federally protected rights that follow the inmate into the institution. [Emphasis added.]
377 F. Supp. at 272.
I have found no relevant federal case law involving an equal protection challenge based upon age classifications for purposes of requiring mandatory attendance in prison educational programs. It is clear, in my opinion however, at least with regard to classifications based upon age that in order to survive an equal protection challenge, the Department's policy must be supported only by a "rational basis." That is, the policy, in order to be upheld, must merely be rationally related to some legitimate governmental objective. It has been stated as recently as 1995 that:
 The United States Supreme Court has repeatedly held that age is not a suspect classification under the Equal Protection Clause. [Citations omitted.] However, that does not mean that the aged do not have equal protection rights; rather, it means that any classification based on age will be subjected only to a `rational basis' level of scrutiny instead on some heightened level of scrutiny.
See Mummelthie v. City of Mason City, Iowa, 873 F. Supp. 1293 (N.D. Iowa 1995), citing Gregory v. Ashcroft, 501 U.S. 452 (1991); Vance v.Bradley, 440 U.S. 93 (1979) and Massachusetts Board of Retirement v.Murgia, 427 U.S. 307 (1976).
It has been stated that the correctness of applying a "rational basis" standard of review to age classifications is especially apparent at the "lower end of the spectrum," where discrimination against the young, and not the old, is at issue. See Felix v. Milliken, 463 F.Supp. 1360, 1374
(E.D. Mich. 1978) (upholding Michigan state constitutional amendment raising the drinking age from nineteen to twenty-one years of age against equal protection challenge). See also Gabree v. King, 614 F. 2d 1 (1st Cir. 1980) (upholding Massachusetts drinking age statute against equal protection challenge and holding that eighteen to twenty-one year olds do not comprise a suspect class for purposes of triggering strict scrutiny review, even though this group has historically been denied full rights of adulthood while shouldering such burdens of citizenship as military service).
It is clear, in my opinion therefore, that the proposed policy requiring mandatory attendance of all inmates twenty-one years of age and younger who have not completed G.E.D. requirements and have the capability to do so, would be reviewed by the federal courts under the "rational basis" test. Under this test, courts are very reluctant to overturn governmental action on the ground that it denies equal protection of the laws. SeeMummelthie, supra at 1332, citing Gregory v. Ashcroft, 501 U.S. 452
(1991) and Vance v. Bradley, 440 U.S. 93 (1979). The policy must be rationally related to a legitimate governmental objective. In my opinion the objective you have stated, i.e. to ensure "early involvement of that portion of the offender population most likely to need and benefit from education" is legitimate, and in my opinion the proposed mandatory attendance policy would be rationally related to achieving that objective.[1]
It is therefore my opinion that the policy would not place the Board or Department in a position of "significant liability."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] It is also stated in your request that enforcing this new mandatory attendance policy will increase "average daily membership" in a way that increases funds for the following school year to allow the next step to be taken." It is my assumption, however, that the Department's motive in proposing this new policy is not merely to receive an increase in state aid due the Department's school district, but to further the rehabilitative efforts of the Department. While this may involve a question fact, the Rutherford v. Hutto court, in response to such an allegation, did not find increased state funding to be the motive of the Department in implementing the mandatory attendance policy at issue there. See 377 F. Supp at 271, n. 3.