Poisson v. SSA                        CV-97-185-B    03/04/98

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


**Karen A. Poisson for**
**Nicholas D. Poisson**

              **v.**                                        C-97-185-B

**John J. Callahan, Commissioner,**
**Social Security Administration**



**MEMORANDUM AND ORDER**

Nicholas Poisson's father, Daniel Gagne, was killed in a motorcycle accident a few weeks after Nicholas was conceived. Nicholas's mother, Karen Poisson, attempted to obtain Social Security survivor benefits for Nicholas. However, the Social Security Administration denied her claim on September 7, 1990, concluding that she had failed to prove that Gagne was Nicholas's father. Rather than appealing this decision, Karen Poisson filed an action in state court seeking to establish Gagne's paternity. She succeeded with the state court action and filed a new claim with the Administration on November 10, 1994. The Administration approved the new application based on the state court judgment of paternity, but its regulations limited the retroactive effect of its ruling to the six-month period preceding the filing of the

new petition. Karen Poisson attempted to obtain a fully retroactive award by asking the Administration to reopen the 1990 application. An ALJ held a hearing on her request, but ultimately declined to reopen the 1990 decision. Poisson appeals from the ALJ's decision.

I must grant the defendant's motion to dismiss because I lack subject matter jurisdiction. Although Plaintiff claims that the ALJ constructively reopened the 1990 decision and thereby made an appeal possible by holding an evidentiary hearing on her request, this argument has been rejected by the First Circuit Court of Appeals. Torres v. Dep't. of Health and Human Servs., 845 F.2d 1136 (1st Cir. 1988); Rios v. Secretary of Health, Education and Welfare, 614 F.2d 25, 26 (1st Cir. 1980). As no other exception to this jurisdictional requirement is present in this case, I grant the Commissioner's motion to dismiss (document no. 3).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

March  4, 1998

cc:  Matthew B. Cox, Esq.
     David Broderick, AUSA

2