**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4962**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN LUIS MARTINEZ-MARTINEZ, a/k/a Jose Lopez,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:05-cr-00300)

Submitted:  June 15, 2007                Decided:  July 12, 2007

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Roderick M. Wright, Jr., WRIGHT LAW FIRM OF CHARLOTTE, PLLC, Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Thomas Tullidge Cullen, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Luis Martinez-Martinez pled guilty to illegal reentry of a deported alien, 8 U.S.C. § 1326(a), (b)(2) (2000), and was sentenced to a term of eighty-five months imprisonment. Martinez-Martinez contends on appeal that the sixteen-level enhancement applied by the district court under U.S. Sentencing Guidelines Manual § 2L1.2(b)(2)(A) (2005), for a prior felony firearms conviction was inconsistent with a stipulation in his plea agreement, and the enhancement was not properly applied in his case. We affirm.

Paragraph 5 of the plea agreement provided that "the Court has the final discretion to impose any sentence up to the statutory maximum for each count," and that "[t]he defendant further understands that no recommendations or agreements by the United States are binding upon the Court." Paragraph 6 provided that, pursuant to Fed. R. Crim. P. 11(c)(1)(B), the parties stipulated and agreed that the applicable base offense level was 8, under USSG § 2L1.2(a), and an 8-level enhancement for a prior aggravated felony conviction would be applied under subsection (b)(1)(C) "if probation and the Court find this adjustment legally appropriate," resulting in an offense level of 16.[*] Paragraph 6(c) stated that Martinez-Martinez might receive an adjustment for

---

[*]An agreement by the government under Rule 11(c)(1)(B) to "recommend, or agree not to oppose the defendant's request, that a particular sentence is appropriate or that a particular . . . sentencing factor does or does not apply" is not binding on the sentencing court. An agreement under Rule 11(c)(1)(C) is binding on the court once the plea agreement is accepted.

- 2 -

acceptance of responsibility, but that "the defendant understands that any reduction in offense level is ultimately for the Court's determination." Paragraph 6(f) stated that "[t]he parties agree that no other enhancements or reductions apply." At the Rule 11 hearing, both the government attorney and defense counsel discussed the stipulation concerning the eight-level enhancement.

Despite the parties' stipulation, the probation officer recommended a sixteen-level enhancement for Martinez-Martinez's 1994 Texas conviction for possession of a sawed-off shotgun, under § 2L1.2(b)(1)(A)(ii) (prior crime of violence), and (iii) (prior firearms offense). Martinez-Martinez objected that the terms of his plea agreement did not give the district court discretion to vary from the stipulated guideline calculation once the plea was accepted, and that a sixteen-level enhancement would render his plea agreement void. Martinez-Martinez also argued that the sixteen-level enhancement should not apply because the prior conviction was a juvenile conviction. Under Application Note 1(A)(iv), no enhancement under § 2L1.2(b)(1) may be applied "to a conviction for an offense committed before the defendant was eighteen years of age unless such conviction is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." Martinez-Martinez pointed out that the 1994 arrest report stated that Martinez-Martinez turned over to the Hidalgo Police Department for arrest "due to the fact that he was a minor." However, after reviewing the Texas indictment and judgment, the district court determined that Martinez-Martinez was

prosecuted and sentenced as an adult in the Texas criminal justice system.

On appeal, to the extent that Martinez-Martinez maintains that he was misinformed about the non-binding nature of the stipulation at the Rule 11 hearing, his claim is reviewed for plain error because he did not seek to withdraw his guilty plea in the district court. United States v. Martinez, 277 F.3d 517, 523 (4th Cir. 2002). The plea agreement clearly stated that the parties' stipulation was made pursuant to Rule 11(c)(1)(B). Therefore, it was not binding on the district court and the court did not plainly err in so finding. The court was free to adopt the probation officer's recommendation for a sixteen-level enhancement without violating the terms of the agreement.

The district court's determination that the prior conviction was an adult conviction is a legal decision that is reviewed de novo. United States v. Mason, 284 F.3d 555, 558 (4th Cir. 2002). Martinez-Martinez relies on the fact that he was seventeen at the time of the 1994 offense, pointing out that, in the U.S. Customs report concerning the arrest, the Customs agent was advised by his supervisor that Martinez-Martinez should be turned over to the local police because he was a minor.

However, even though the federal agents may have regarded Martinez-Martinez as a minor, Texas law treats a seventeen-year-old as an adult. See Tex. Family Code § 51.02 (Vernon 2007) (giving juvenile court jurisdiction over persons under seventeen years old); Benavidez v. State, 655 S.W.2d 233, 235 (Tex. Ct. App. 1983)

(seventeen-year-olds are tried as adults in Texas).  We conclude that the enhancement was properly applied.

Accordingly, we affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>